GREENVILLE v. ORMAND & GOFORTH.

1. ISSUES—CALENDARS—Where the pleadings raise some issues triable by
jury, and some triable in equity, error cannot be declared in a general
order refusing to transfer the whole cause to Calendar 1 for trial by jury,
but this ruling is made without prejudice to the right of the defendant to
move again for such transfer for the trial of the purely legal issues.

Before WATTS, J., York, April, 1894.

Action by City Council of Greenville against Ormand & Go-
forth, and their sureties, commenced August 15, 1893. De-
fendants appealed.

*Messrs. Hart & Hart, Finley & Brice,* and *C. E. Spencer,* for
appellants.

*Messrs. J. A. McCullough* and *Wilson & Wilson,* contra.

April 15, 1895.  The opinion of the court was delivered by

MR. JUSTICE POPE.  This action was commenced in the
Court of Common Pleas for York County, in this State, on the
15th day of August, 1893, by the plaintiff, against the defend-
ant as above named, on two notes for $2,000 each.  It was
placed on Calendar No. 2.  After the defendants had all an-
swered, they caused a notice to be served upon the attorneys
for the plaintiff, that they would, on the 14th day of April,
1894, or as soon thereafter as counsel could be heard, move
before his honor, Judge Watts, for an order striking said cause
from Calendar 2, and placing same upon Calendar 1, for trial
by jury.  This motion came on for hearing before such pre-
siding judge in open court, and on the 18th day of April, 1894,
Judge Watts, in a short order, refused such motion.  There-
after the defendants appealed from said order [alleging error
in the refusal to transfer] on two grounds, to wit: 1. The com-
plaint having presented a purely legal cause of action, and
each of the answers having presented defences which were
purely legal, the determination of which, for defendants, would
warrant a final judgment in their favor.  2. And the complaint

being legal, even if there are any distinct independent equitable issues raised by either of the answers, such issues might be reserved for trial by the court, without depriving the defendants of their right to trial by jury.

It is to be regretted that the Circuit Judge in formulating his order, wherein he refused to grant the defendant's motion, failed to indicate his ground therefor. Strictly speaking, this is the duty of any court. In the case at bar the pleadings are extended, and raise some interesting issues. We do not know a better instance than the present in which to point out the danger to a party to an action pending in court, for associating good grounds with bad grounds as the basis for a motion to change such action from one calendar to another. Here we are satisfied that there are at least two grounds on which the defendants have a right to have certain issues of fact tried by a jury, and, on the other hand, there are certain questions of fact entering into certain other issues that are equitable in their nature, and on which the right of trial by jury does not exist. But the defendants having moved generally to have the whole action transferred to the calendar (No. 1) appropriate to trial by jury, thereby seeking the trial of *all the issues* in the action by a jury, and the Circuit Judge having refused the defendant's motion, we cannot say that it was error in the Circuit Judge. We will have to dismiss the appeal from the order of Judge Watts, but in doing so, feel that we ought to protect the defendants by providing that this order, here made, shall not prejudice their right to move for an order to transfer the action to Calendar 1 if they feel so advised, so that the issues *properly triable by the jury* may be there tried.

It is ordered, that the appeal be dismissed with the foregoing reservations, and the action is remanded to the Circuit Court.