## *EX PARTE* QUALLS.

1. JURISDICTION.—A PARTY PURCHASING LANDS sold under order of Court thereby becomes a party to the proceeding, and he is bound by all the decrees and orders in the case.

2. IBID.—PURCHASER—RULE TO SHOW CAUSE—REFERENCE—PRACTICE—EQUITABLE TITLE.—Where one party pays part of the purchase money of a tract of land bought at sale under order of Court goes into possession, but fails to pay balance according to terms of sale, and land is sold to another who complies and has his purchase confirmed, the latter purchaser has the legal title and the former only an equitable title, and the court of equity has jurisdiction to settle the contention between them as to the ownership of the land on rule to show cause by the latter against former, why latter purchaser should not be put into possession, and to refer issues of fact.

Before GARY, J., Charleston, December, 1902.    Reversed.

Rule to show cause by Molly Qualls against John Capers, *in re* James Hopkinson *et al.* against Amory Coffin *et al.* From order dismissing rule, petitioner appeals.

*Messrs. Mitchell & Smith* and *M. Rutledge Rivers,* for appellant, cite: *Petitioner and respondent are both parties to the suit:* Rorer on Jud. Sales, par. 148; 18 S. C., 501; 37 S. E. R., 289; 1 Bart. Chan. Pr., 170; 13 S. C., 174. *Court having jurisdiction of parties and subject matter could try the issues:* Rorer on Jud. Sales, sec. 230; 53 S. C., 129; 17 Ency., 1014; 18 S. C., 501; 48 S. C., 325; 31 S. C., 171. *Contested facts may have been referred:* 30 S. C., 237. *Judicial sale is not complete until purchaser has fully complied:* McM. Eq., 190; 21 S. C., 122; 17 Ency., 988; 18 S. C., 498; 32 S. C., 57; 16 S. C., 89; Spear Eq., 485; 10 S. E. R., 620. *Issues are equitable and jury trial is not proper:* 44 S. C., 116; 69 S. C., 186; 66 S. C., 489; 53 S. C., 129; 43 S. C., 187; 23 S. C., 391; 48 S. E., 73; 25 S. C., 77; 30 S. E. R., 619.

*Mr. W. Turner Logan,* contra (oral argument).

March 14, 1905.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.    The following statement is derived from the appellant's brief:

"This suit of Hopkinson *et al.* against Coffin *et al.,* commenced in December, 1874, was brought for the purpose of selling (the proceeds of sale to be reinvested) a plantation on John's Island, of about 664 acres, owned by parties to the suit, under the will of the late Wm. Seabrook.    The cause was referred to Isaac Hayne, Esq., as referee.    On the coming in of his report, which was confirmed, the Court by decree in December, 1875, authorized the plaintiff, Caroline Lafayette Hopkinson, to sell at private sale the plantation in

separate tracts, at not less than $8.00 per acre, one-fourth of the purchase money to be paid in cash, and the balance in one, two and three years, secured by bonds of the purchasers and mortgage of the premises. Upon compliance, the sheriff of Charleston County was directed to execute title to the purchasers (Case, ff. 8-11). In February, 1877, the above order was changed and the referee was directed to receive the money from the sales so made as aforesaid; and, on payment of the cash portion, to execute to the purchasers an agreement that upon completion of the contract of purchase, titles would then be made, under order of the Court. In March, 1879, another modification was made in the decree, and W. D. Clancy, Esq., one of the masters of the Court, was directed to execute titles to purchasers upon the certificate of Isaac Hayne, Esq., referee, to said master that the purchase money had been paid in full. In March, 1886, Mr. Clancy having died, his successor, F. M. Hanckle, Esq., was, by order of the Court, given the like powers and authority theretofore conferred upon Master Clancy. In December, 1888, the Court appointed G. H. Sass, Esq., master, in place of Mr. Clancy, and Henry A. M. Smith, Esq., in lieu of Mr. Hayne, to carry out, execute and complete, and exercise the duties and powers which Mr. Clancy and Mr. Hayne respectively were required to do and perform under the orders and decrees theretofore made in the case. In June, 1902, Henry A. M. Smith, Esq., certified that Molly Qualls, the appellant, had purchased and paid in full for one-half of lot No. 1, being a portion of the plantation directed to be divided into lots and sold as aforesaid. Thereupon, in July, 1902, Master Sass made and delivered to Molly Qualls a deed in fee simple for said land; and in November, 1902, reported his action to the Court. The Court confirmed the sale. Thereafter Molly Qualls sought possession of her property, and finding John Capers, the respondent, occupying the same, and ascertaining that he had come into possession during the pendency of the above entitled

suit of Hopkinson *et al.* against Coffin *et al.,* and that he was well aware of same, she exhibited to him her deed from Master Sass, and demanded immediate possession. He refused to deliver up the land. Molly Qualls then presented her petition to the Court, setting forth above facts, and praying for a rule against Capers to show cause why possession of said property should not be given to her. On December 1st, 1902, the Court issued the rule as prayed for, and the papers were duly served upon Capers. Capers made his return, wherein, among other things, he claimed that on or about March 5th, 1898, he had purchased the said property from the agent of the said Henry A. M. Smith, Esq., referee, and of the heirs of the plaintiff, Caroline L. Hopkinson, and had paid on account of the purchase price $29.80, and in November, 1899, paid to said agent $10.00 on account of the balance of the purchase money. That in November, 1900, he went to said agent for the purpose of paying $60.20, the balance of said purchase money, but that said agent refused to receive same, saying that he had sold the land, and that respondent must vacate. This respondent refused to do, and proceedings were then begun in magistrate court to dispossess him of said property, and the same were dismissed. The return was traversed.

"Mr. A. C. Seabrook, the agent referred to, by affidavit swore that the respondent, Capers, went into possession of the said property in January, 1898, and agreed to pay the sum of $100.00, under the terms of the orders and decrees made in the case of Hopkinson against Coffin *et al.,* which agreement required him to complete the payment for such lot within two years. That Capers paid in January, 1898, $29.80, and thereafter in January, 1900, $10.00, and has never paid any additional amount, and has remained in possession without paying any interest on the balance, or rent or taxes on the land, and has regularly planted said land and converted to his own use the proceeds of five separate yearly crops of cotton, corn, etc., harvested on said land.

"Upon the hearing before Judge Gary, the return was adjudged by the Court sufficient, and the rule dismissed without prejudice, for the reason that the return raised a question of equitable title that cannot be determined under rule to show cause."

From this order Molly Qualls appealed on the following grounds:

"1. Because the Court erred in dismissing the rule to show cause on the ground that it had no jurisdiction to try and determine an issue of equitable title.

"2. Because the Court erred in not holding that a court of equity is peculiarly fitted to hear and determine an issue of equitable title.

"3. Because the Court erred in not holding that the sale to Molly Qualls having been confirmed by the Court, and her money having been paid into Court and received and still retained by the Court, it was the duty of the Court to put her in possession of land sold to her by the Court.

"4. That the Court erred in not holding that John Capers became a party to the suit of James Hopkinson *et al. v.* Amory Coffin *et al.,* when he undertook to purchase land from the Court sold in that cause, and that he thereby became bound to abide by all the decrees and orders in said cause.

"5. That the Court erred in not holding that said John Capers, having failed to comply with his bid, it was optional with the Court to resell the land or to require said Capers to comply, and that said option was not for the benefit of the delinquent purchaser, but for the benefit of the Court, and that the Court having exercised its option to resell, it was incumbent upon the Court to put the purchaser in possession after it had taken said purchaser's money, which it still holds and keeps, and after it had delivered its deed to said purchaser and confirmed the sale.

"6. That the Court erred in not trying all issues raised by the petition and rule to show cause and the return, or not

referring same to one of the masters of the Court to take testimony and report thereon."

(1) The first question to be considered is, what is the attitude of Molly Qualls and John Capers to the pending suit of Hopkinson *et al. v.* Coffin *et al.* It is certain that this action is still pending, and that neither Molly Qualls nor John Capers were parties to the same until after the decrees and orders had been pronounced. It is also certain that the connection of John Capers began in 1898, when he agreed to purchase a half of tract No. 1, which was being sold under a decree in Hopkinson *et al. v.* Coffin *et al.,* which was about March 6, 1898. At this time he paid $29.80, as a part of the purchase money, which was to have been $100.00 for the whole, and he paid thereafter upon said purchase the sum of $10.00, in November, 1900.

While Molly Qualls, on the other hand, paid the full purchase money of $100.00, and received a deed in fee simple for said lot No. 1, from the master, George H. Sass, which said deed was confirmed by the order of the Court on the 21st of November, 1902. John Capers, upon the production of the master's deed to her, refused to yield up possession for that lot of land to her. They each claimed as purchaser at a judicial sale made in the same suit. Are they not, therefore, both parties to said suit? Rorer on Judicial Sales, par. 148; *Gordon* v. *Saunders,* 2 McCord's Eq., page 151; *Davis* v. *McDuffie,* 18 S. C., page 501; *Turnbull* v. *Mann,* 37 S. E., 289; *Trenholm* v. *Wilson,* 13 S. C., page 174.

The cases just cited hold that both Molly Qualls and John Capers are now parties to the pending suit of Hopkinson *et al. v.* Coffin *et al.,* and, having become parties to such suit, they are amenable to the jurisdiction of the court of equity in this suit, and, in the contention betwixt them in regard to lot No. 1 of the lands affected by the suit of Hopkinson *et al. v.* Coffin *et al.,* are controlled by the court of equity therein.

(2) What is the power of the court of equity in such cases? As said by Rorer, in his book on Judicial Sales, in paragraph 230: "The equitable powers of a chancery court when once in possession of the case, and jurisdiction has attached by proper service, are sufficiently broad and searching to reach all the equities and liabilities of all the parties, and will settle, dispose of and enforce the whole in one suit."

In 17 Am. & Eng. Ency. of Law, 2 ed., page 1014, the author says: "The purchaser at a judicial sale has a clear right to the possession of the property sold as against all parties to the proceedings in which the sale is made, and this right the courts will summarily enforce by writ of assistance or in some appropriate manner. But where the person in possession is not a party to the suit, nor a *pendente lite* purchaser, and holds the property adversely, he cannot be deprived of possession in this summary way." As is said by Mr. Rorer in his work on Judicial Sales, at paragraph 162: "In judicial sales, by courts of ordinary general chancery jurisdiction, the better course is for the decree or order of sale to include also an order to put the purchaser into possession to save a resort to an action at law for that purpose. But whether there be such an order inserted in the decree or not, the Court has full power to enforce its sale by putting the purchaser into possession of the premises against the possession of the party to the suit, or any one holding under such party, who came into possession during the pendency of the suit and refuses to render up the premises to the purchaser."

And our Supreme Court, in *Davis* v. *McDuffie, supra,* where a separate suit was brought against an officer of the Court for declining to fully execute an order of sale made in a cause still pending, dismissed the complaint and held that the proceeding previously held by rule to show cause before Judge Aldrich was correct. The Court thus stated the principle: "The only remaining inquiry is as to the effect of the

proceedings before Judge Aldrich. Under the view already taken this becomes a matter of no particular importance, but we may say that the proceedings by rule was the proper course for the plaintiff to pursue, and when the relief thus sought was denied, her remedy was by appeal and not by another action. The case in which the order of sale was made was still pending, and if any of the parties to that cause or a purchaser at a sale made under an order in such cause, who thereby became a party to the extent necessary to enable him to move in the cause, conceived that his rights were prejudiced by the non-action of the officer ordered to make the sale, his remedy would be by rule against said officer, and not by another action." In *Murchison* v. *Miller et al.,* 64 S. C., 425, 42 S. E., 177, it was held that section 2733 of Townsend's Code, provided that the Judge of the Circuit Court at chambers and in vacation, as well as in term, shall make, direct and award mean and final process, and that he was authorized to order a writ of assistance, to enable the sheriff to put the purchaser at a judicial sale into possession at chambers. And also that the usual practice in this State was to proceed by rule to show cause.

(3) It is certainly true, that in case there had been any dispute as to the facts under the petition and return thereto, it would have been entirely proper for the Judge to have referred the case to one of the masters of the Court to take and report the testimony on that issue.

(4) A litle reflection will show that Molly Qualls holds the legal title, while all that John Capers can claim is an equitable title, and there is no necessity apparent for any jury trial. This is well illustrated in the case of the *City Council of Greenville* v. *Ormand et al.,* 44 S. C., 116, 21 S. E., 642; *Pratt* v. *Timmerman,* 69 S. C., 186, 48 S. E., 25; *McLaurin* v. *Hodges,* 43 S. C., 187, 20 S. E., 991. It is doubtful if the equitable title could be set up against the legal title. *Levi* v. *Gardner,* 53 S. C., 24, 30 S. E., 619. It must also be borne in mind that John Capers, the respond-

ent, has never complied with the orders of the Court.    He has not paid the purchase money; no report touching his conduct is now of record, while Molly Qualls, the petitioner, has the judgment of the Court confirming the title which has been made by the master to her for this lot of land.    We think that the Circuit Judge was in error.

It is the judgment of the Court that the order appealed from herein be and it is reversed, and the action is ordered remanded to the Circuit Court for such further proceedings as may be necessary herein.