### CORBETT v. FOGLE.

1. ISSUES—FINDINGS OF FACT—APPEAL.—An answer in a partition suit denying tenancy in common, and right to partition, and claiming that possession and use of lands belong exclusively to defendants, raises issue of title, and on appeal from decree of Circuit Judge based on reference, this Court cannot review findings of fact by Circuit Judge.

2. EVIDENCE—TRANSACTIONS WITH DECEDENT.—Testimony by a husband in partition suit against him of lands claimed through his deceased wife, that "I paid my wife the $100, her interest which she paid on the place," is incompetent, under sec. 400 of Code, but he could have said that he placed $100 in the hands of his wife.

3. REAL PROPERTY—DEEDS—PRESUMPTIONS.—That a decedent entered into possession of land under a judicial deed, and lived continuously thereon for twenty years, raises a presumption of acquiescence on his part of the insertion of any limitations in the deed and of any fact necessary to give it full force and effect.

4. IBID.—IBID.—RES JUDICATA.—If A. buys land at a judicial sale and directs conveyance to be made to B., with certain limitations, the report of sales is confirmed and B. accepts the deed, the confirming order is *res judicata* as to the limiting words.

Before DANTZLER, J., Orangeburg, May, 1904. Reversed.

Action by Bernard Corbett and James Corbett against Jno. W. Fogle, Orrie D. Tarrant and Dennis S. Fogle. From Circuit decree defendants appeal.

*Messrs. J. F. Izlar* and *Raysor & Summers,* for appellants, cite: *Fogle having bid off land, could sell before conveyance made:* Par. on Con., 790, 793, 1212. *Sale is valid after confirmation, and cannot be attacked collaterally:* Ror.

on Jud. Sales, secs. 340, 317, 320, 331, 438, 440, 349, 354, 362, 369. *He was a party and could be required to carry out his bid:* 2 McC. Eq., 157; Ror. on Jud. Sales, secs. 148, 106, 128, 129. *Sale complete when confirmed:* 17 Ency., 989, 992; 18 S. C., 71; 25 S. C., 275; Rich. Eq., 340; 35 S. C., 391. *Fogle could testify as to payment to wife:* 47 S. C., 488; 1 Sugden, 158; 33 S. C., 303; 26 S. C., 591; 33 S. C., 310.

*Messrs. Bowman & Wannamaker* and *Abial Lathrop,* contra, cite: *Issue of title in partition must be tried by jury:* 23 S. C., 388; 38 S. C., 424. *But is waived by consent order of reference:* 23 S. C., 1; 58 S. C., 448. *In such case this Court cannot review facts:* 21 S. C., 257, 287; 22 S. C., 133, 322; 23 S. C., 142, 215; 38 S. C., 424. *Officer cannot put in deed other limitations than those provided in judgment:* 36 S. C., 28; Code of Proc., 310; 14 Stat., 490.

## STATEMENT OF FACTS.

This is an action for partition. The facts are thus set out in the decree of his Honor, the Circuit Judge:

"Emiline O. Fogle, now dead, whose maiden name was Gleaton, a daughter of Absalom Gleaton, now deceased, intermarried first with one John Martin; the product of that marriage being one child, a daughter, Docia Martin. Docia Martin intermarried with one James Corbett, one of the plaintiffs herein, and at her death left surviving her her mother, Emily O. Fogle, her husband, James Corbett, and the following named children: Bernard Corbett, a plaintiff herein, and the defendants, John Corbett, Julia Martin and Emma Corbett, and a son, Lewis Corbett, who died after his grand-mother, Emeline O. Fogle, leaving as his only heirs at law his father, James Corbett, and his brothers and sisters above named.

"John Martin having died, Emiline O. Fogle intermarried with one John W. Fogle, a defendant herein, and died on

the 23d day of June, 1897, intestate, leaving surviving her as her only heirs at law, her husband, the defendant, John W. Fogle, Orra D. Fogle (now Orra D. Tarrant, wife of D. L. Tarrant, called in the complaint Orrie D. Tarrant), and Dennis S. Fogle, children of her second marriage, and her grand-children hereinbefore named.

"Thereafter this action was commenced by the plaintiffs herein against the defendants for the partition of the tract of land mentioned and described in the complaint, and in the answer of John W. Fogle, Orra D. Tarrant and Dennis S. Fogle, defendants, of which it is alleged by the plaintiffs the said Emily O. Fogle was seized and possessed at the time of her death; and also for an accounting against the defendants, John W. Fogle, Dennis S. Fogle and Orra D. Tarrant, for rents and profits alleged to have been received by them since her death.

"The defendants, John W. Fogle, Dennis S. Fogle and Orra D. Tarrant, by their joint answer, among other things, allege substantially that neither the plaintiffs nor the defendants, John Corbett, Julia Martin and Emma Corbett, or either of them, have any interest in the premises sought to be partitioned, and that they 'are not and never have been tenants in common' with them in said lands. And by paragraph 'II.' of the second defense of their answer, they allege:

" 'That on the second day of January, 1871, one Thad. C. Andrews, then being the judge of probate in and for the county of Orangeburg, in the State aforesaid, in consideration of the sum of $635, made, executed and delivered to the said Emiline O. Fogle, as such judge of probate, and at her instance and request, his deed, and thereby conveyed to the said Emiline O. Fogle and her heirs, children of John W. Fogle, all that certain tract or parcel of land, containing 122 acres, more or less, situate, lying and being in the county and State aforesaid, and bounded by lands of Thomas W. Gleaton, Jr., R. S. Morgan, Tindal and Argoe, and tracts 1 and 3 of estate lands of Absalom Gleaton, deceased (which is the same tract or parcel of land mentioned and

described in the second paragraph of the plaintiff's complaint), and that the habendum of said deed of conveyance is as follows: "To have and to hold all and singular the said premises unto the said Emiline O. Fogle and her heirs, children of J. W. Fogle and assigns forever;" and they pray that said deed of conveyance be construed by this Court, contending that by virtue of said deed of conveyance they have the legal title to said tract of land, and are entitled to the possession of the same and to the issues and profits arising therefrom; and that at the commencement of this action, neither the plaintiffs or either of them, nor the defendants, John Corbett, Julia Martin and Emma Corbett, or either of them, were 'the owners of the premises alleged, or any part thereof, or of any interest therein, of any nature or kind soever, * * *.'

"The infant defendants, John Corbett, Julia Martin and Emma Corbett, by their duly appointed guardian *ad litem*, filed a formal answer, submitting their rights and interests to the protection of this Court.

"Subsequently, by an order of this Court, it was 'referred to judge of probate for Orangeburg county, as special referee, to take the testimony and report the same to this Court, together with any special matter that may arise.' The testimony so taken has been reported to this Court; and counsel in the cause have been heard in argument as fully as they desired.

"The tract of land sought to be partitioned was formerly a portion of the estate of Absalom Gleaton, deceased, the father of Emiline O. Fogle, and was sold for partition among his heirs at law, the distributees of his estate. The vital question in this case is, who purchased the land in question at such sale?

"In the sheriff's report on sales of certain of the lands of Absalom Gleaton, deceased, it appears that a tract of 101 acres is reported to have been sold to J. W. Fogle for $605.

"In the account of the administrator of the estate of Absalom Gleaton, deceased, for final settlement, the following is a copy of a statement appearing therein:

" 'To pay

| | | |
|---|---|---|
| E. O. Fogle shares ...... | 262.85 | |
| Bot land 635-per pro. 71.26...... | | |
| adv. 46.50 ...... | 752.76 | 489.91' |

"In the deed of conveyance from Thad. C. Andrews, judge of probate, of the tract of land in question to Emiline O. Fogle, it is recited that the same was sold and disposed of 'to Emiline O. Fogle, for $635, she being at that price the highest bidder for the same.' In his testimony, John W. Fogle, in relation to the deed, said: 'I was present when the deed was executed in Thad. C. Andrews' office. When it was first drawn up it did not have the 'children of J. W. Fogle' in it. I suggested that he put them in it. I saw him put them in. I paid for the land. I bid off the land, directed how the deed should be drawn, and paid for the land.' "

The Circuit Judge then proceeds to state his findings of fact and conclusions of law as follows:

"I am satisfied, and so find and hold, from the testimony, that John W. Fogle, in the bidding off of this tract of land, was acting for his wife, Emiline O. Fogle; that she was the purchaser of it, and that Thad. C. Andrews, judge of probate, had no authority whatever to add any limitations to the deed of conveyance referred to, and that his injection into it of the words, 'children of J. W. Fogle,' must be disregarded. *Iseman* v. *McMillan*, 36 S. C., 28.

"The testimony shows that the interest of Emiline O. Fogle in the estate of her father, Absalom Gleaton, deceased, was paid on the purchase of the land; that the sum of $458.91 was borrowed from Emiline Gleaton by her and was applied to the purchase money thereof, leaving a small balance which was paid presumably by her.

"The recitals in the deed of conveyance drawn under the direction of John W. Fogle; the statement in the final account of the administrator of the estate of Absalom Gleaton, deceased, evidencing that the interest of Emiline O. Fogle in such estate was applied as part payment for the land bought by her, and the circumstances of the case convince me that Emiline O. Fogle was not only the purchaser of the land but that she paid for it, and more than rebut any presumption to the ocntrary, arising from the sheriff's report on sales and the confirmation thereof.

"The testimony of John W. Fogle, to wit: 'I paid my wife the $100, her interest which she paid on the place,' is clearly incompetent under section 400 of the Code of Civil Procedure, and the objection to its introduction is sustained. There is no testimony showing, or tending to show, that John W. Fogle had any authority from his wife, Emiline O. Fogle, to direct any limitations to be added to the deed or incorporated in it, and, therefore, he had no authority to make any such direction. And there is no sufficient testimony that Emiline O. Fogle ever saw the limitations in the deed, or in any way confirmed the deed after its execution; but the testimony shows that John W. Fogle kept the deed, never recorded it, refused to allow it to be seen, and produced it, for the first, it seems, during the progress of a hearing of this case before the referee.

"Therefore, John W. Fogle had no authority to direct, and Thad. C. Andrews, judge of probate, had no authority to make the interlineation and insertion of the words, 'children of J. W. Fogle,' in the deed referred to. The law did not commit to Thad. C. Andrews, judge of probate, the power of placing such foreign matter in the deed, and his attempt to exercise such power was not binding on the purchaser, Emiline O. Fogle, and is not on her heirs at law. *Iseman* v. *McMillan, supra.* I seriously question the right of Thad. C. Andrews, judge of probate, to have executed the deed. I know of no warrant of law for his act. At the time of the sale of the property, it was the duty of the

sheriff to have executed the conveyance to the purchaser, Emiline O. Fogle; and, after the lapse of twenty years, the presumption is that he did so.

"I conclude that, at the time of her death, Emiline O. Fogle was seized in fee and possessed of the land mentioned and described in the pleadings, and sought to be partitioned herein; and that the plaintiff, Bernard Corbett, and the defendants as her heirs at law and distributees of her estate, and the plaintiffs, and the defendants, John Corbett, Julia Martin and Emma Corbett, as the heirs at law of Lewis Corbett, deceased, are entitled to a partition thereof, according to their respective rights and interests therein, * * *."

The defendants appealed from said decree.

## OPINION.

August 3, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY, after the foregoing statement of facts.

It is contended by the respondents that the pleadings raise an issue of title, and that as such issue is of a legal nature, the findings of fact by the Circuit Judge are final, and cannot be reviewed by this Court. The third paragraph of J. W. Fogle's answer alleges: "That the plaintiffs and defendants, John Corbett, Julia Martin and Emma Corbett, are not, and never have been, tenants in common with these defendants in said lands; that the plaintiff and his brother, John Corbett, and his sisters, Julia Martin and Emma Corbett, have no interest whatsoever in said lands; are not entitled to partition thereof, or to the possession and use of the same, and that the possession and use of the same, and the rents and profits arising therefrom, belong exclusively to these defendants, who by virtue of the premises have the legal title thereto and are the sole owners in common thereof." This was sufficient to raise an issue of title, and we sustain the objection that the facts cannot be reviewed. The decree, however, shows that the Circuit

Judge, in applying the law to the facts of the case, made certain rulings which are assigned as error; and, of course, they may properly be made the subject of appeal.

The first question that will be considered is whether the Circuit Judge erred in ruling that the following testimony of J. W. Fogle was incompetent, under section 400 of the Code, to wit: "I paid my wife the $100, her interest which she paid on the place." In the case of *Monts v. Koon,* 21 S. C., 110, 112, the Court says: "The foundation of the defense was payment, payment by certain notes, which Koon in his answer claimed that he had placed in the hands of Fort for collection, and the evidence admitted was intended to sustain this defense. It showed that Koon had placed these notes in the hands of Fort, and it involved not only the act of Koon in putting the notes in Fort's hands, but also the act of Fort in receiving them. This was certainly a transaction between the two, and, therefore, the testimony was in violation of the section of the Code under consideration."

If Fogle had simply testified that he placed $100 in the hands of his wife, the testimony would have been admissible; but when he further testified that the $100 was in payment of a certain interest, then this involved the act of the wife in so receiving it, and rendered the testimony incompetent.

We will next consider the exception assigning error on the part of the Circuit Judge in ruling "that there is no testimony showing or tending to show that John W. Fogle had any authority from his wife, Emiline O. Fogle, to direct any limitations to be added to the deed or incorporated in it, and, therefore, he had no authority to make any such direction." There was testimony tending to show that the deed was executed on the 2d of January, 1871, and the report of sale confirmed on the 10th of January, 1871, that Emiline O. Fogle entered into possession under said deed, and lived on the land continuously until her death, on the 23d of June, 1897—a period of more than twenty years. In the case of *Riddlehoover v. Kinard,* 1

Hill's Ch., 376, the Court says: "The lapse of twenty years is sufficient to raise the presumption of a grant from the State, of the satisfaction of a bond, mortgage or judgment, of the grant of a franchise or the payment of a legacy, or almost anything else that is necessary to quiet the title of property." The lapse of twenty years afforded evidence of acquescence on the part of Emiline O. Fogle in the terms of the deed; and likewise of any fact necessary to give it full force and efficiency. The ruling of the Circuit Judge was, therefore, erroneous.

The next question for consideration is whether the Circuit Judge erred in ruling that "John W. Fogle had no authority to direct, and Thaddeus C. Andrews, judge of probate, had no authority to make the interlineation and insertion of the words, 'children of J. W. Fogle,' in the deed referred to. The law did not commit to Thaddeus C. Andrews, judge of probate, the power of placing such foreign matter in the deed, and his attempt to exercise such power was not binding on the purchaser, Emiline O. Fogle, and is not on her heirs at law."

The record shows that the land was bid off by J. W. Fogle; the deed was executed to Emiline O. Fogle and the children of J. W. Fogle on the second of January, 1871; and the report of sale was made and confirmed on the 10th of January, 1871. Ordinarily the deed will be made to the person bidding off the property, but the right to the deed may be assigned, in which case it will be made to the assignee. 17 Enc. of Law, 1031. The deed may also be made to such person as the purchaser directs, when the rights of third parties would not thereby be prejudicially affected.

The rule is thus stated in section 438 of Rorer on Judicial Sales: "Ordinarily the conveyance is to be made to the purchaser, if not desired by him to be made to some one else; but in judicial sales, as the whole matter remains under the control of the Court until the delivery of the deed, and the purchaser by his purchase becomes a party to the proceedings, and is, therefore, in Court, the Court has full power

at his request to order the deed to be made to another person as grantee in his place on full payment of the purchase money. A deed to such other person made under such sale and substitution, if otherwise sufficient, will be valid, without prejudice, however, to any equities, rights or liens, which may have become vested before such assignment of his bid, and subject to all liens which in the meantime may have vested against the original purchaser."

When J. W. Fogle bid off the land and Emiline O. Fogle accepted the conveyance, they became parties to the proceedings, and the order confirming the sale was *res adjudicata* as to them. *Kibler* v. *McIlwain,* 16 S. C., 550; *Ex parte Quarles,* 71 S. C., 87; 17 Enc. of Law, 1025. At most, the insertion of the words, "children of J. W. Fogle," was a mere irregularity, which was cured by the confirmation of the report of sale. *Lyles* v. *Haskell,* 35 S. C., 391, 14 S. E., 829; 17 Enc. of Law, 1033.

In the case of *Jenkins* v. *Hagg,* 2 Treadway, 821, the Court says: "Many persons become bidders at sales by the agency of others, and if they have not given authority, or if the agent exceeds his powers, they are bound to disclaim immediately." The Circuit Judge based his ruling upon the case of *Iseman* v. *McMillan,* 36 S. C., 27, 34, 15 S. E., 336; but our interpretation of that case is that it decides otherwise. The Circuit Judge in that case said: "I must hold as a matter of public policy and good law, that when a mere executive officer of the Court undertakes, on his own authority, to add limitations to a deed even with the consent of the purchaser, which in any way encumber the rights of the parties in interest in the fund arising from the sale, such limitations are void as to all persons *other than such purchaser or his privies* in estate" (italics ours), and this ruling was approved by the Supreme Court, which also uses this language: "It was in the power of the Court when the sale was made by the sheriff in 1870 * * * to enforce compliance with the terms of its order or judgment for the sale, either by rescinding the sale, by reselling the property, or by bring-

21—72

ing an action for the price. *Burriss* v. *Gouch,* 5 Rich., 5. Nor is it at all inconsistent with the rule laid down, for the Court to disregard any injection by its officer of foreign matter into such deed."

If the Court had seen fit, it had the power to refuse to confirm the sale, unless the injected words were struck out of the deed. But instead of doing so, it allowed them to remain in the deed; and its order was *res adjudicata* as to such question. The exception assigning error in the ruling under consideration is sustained.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.