8822

SMITH v. SMITH *ET AL.*

(81 S. E. 499.)

JUDICIAL SALES.  FAILURE TO COMPLY WITH BID.

A master in chancery in selling land under a decree only allowed the purchaser three hours in which to comply with the terms of sale, and, upon noncompliance within that time, resold the property. *Held,* that the purchaser was not allowed a reasonable time to examine the title, and hence the resale was a nullity.

Before DeVore, J., Walterboro, March, 1913.  Reversed.

Action by Perry G. Smith, as administrator, and in his own right, against Owens H. Smith and others, to sell lands to pay debts.  From a decree ordering the sale, defendant, Sophia A. Stack, appeals.

The facts are thus stated in the decree of his Honor, the Circuit Judge:

"This was an action by Perry G. Smith, administrator of Ann E. Murrell, and in his own right, against the defendants, as her heirs at law; the object being, among other things, to obtain the sale of certain real estate owned by the intestate for the payment of her debts, and for the partition and distribution of the proceeds of sale among the parties, according to their respective rights.  The cause was heard originally before presiding Judge T. S. Sease, and his decree was filed on February 3, 1912.  This decree, among other things, contained this provision: That the two tracts or parcels of

land, situated and located in the county of Orangeburg, be sold by C. G. Henderson, Esq., master, on sales day in March, 1912, or some convenient sales day thereafter, to be named by plaintiff's attorneys, at the courthouse at Orangeburg, S. C., at the usual hour for making public sales, for one-half cash, balance on a credit of one year, and be secured by bond and mortgage of premises sold, with interest from date of sales.    That in the event of the failure of the purchaser or purchasers to comply with the terms of sale, that the said master do resell the same on the said sales day, or some convenient sales day, to be named by plaintiff's attorneys, until compliance be had.'

"Soon after the filing of the decree, these lands were duly advertised for sale on sales day in March by the master for Colleton county.    Within the time allowed by law, notice of intention to appeal on the part of the defendants, Stacks, was served upon the plaintiff's attorneys.    No further step was taken until the latter part of February.    At that time, but on what particular day does not appear, the attorneys for the Stack defendants, who had given notice of their intention to appeal to the Supreme Court, gave the plaintiff's attorneys notice that on March 2d, they would move before Judge Robert E. Copes, at Orangeburg, S. C., for an order fixing the amount of the undertaking to be given by the appellants in order to stay the sale. * * *

"Judge Copes made an order fixing the amount of the undertaking at $1,000, and providing that the same should be approved 'by the clerk of Court in order to stay the sale of the real estate aforesaid, as provided by statutes in such case made and provided.'    On Monday morning, March 4th, the day on which the sale was to be had at Orangeburg, the appellant's attorneys handed to the clerk of the Court for Colleton county the undertaking; such undertaking being in the sum of $1,000, made payable to the clerk of Court for Colleton county, and approved by the clerk of Court for Orangeburg county, and dated on February 29, 1912. * * *

"At the usual hour for holding sales on Monday, March 4th, the master for Colleton county sold these lands in accordance with the decree of Judge Sease. Before the bidding commenced, he made public announcement that, 'under the terms of the decree, I should require compliance with the terms of sale within three hours, and that I would be at the office of Glaze & Herbert, where compliance could be made, and, if compliance was not had at that time, the property would again be offered for sale on the same day, at the risk of the former purchaser, as provided in the decree.' The property was then offered for sale, and was bid in by A. J. Hydrick, Jr., Esq., an attorney, for Sophia A. Stack, the wife of D. D. Stack, one of the defendants, for the sum of $6,000. The purchaser did not comply with the terms of the sale within the time stipulated by the master, and made no offer to comply, and at the expiration of the time specified by the master he again offered the property for sale, and the same was bid off by W. B. Gruber, Esq., one of the plaintiff's attorneys, for the sum of $1,200. Mr. Gruber subsequently assigned his bid to J. G. Padgett, Esq., and Mr. Padgett complied with the terms of the sale, and the master executed title to him. From the proofs submitted to me on the hearing, I am satisfied, as a matter of fact, that Mr. Hydrick's bid for Sophia A. Stack was at the request of the attorneys for the Stacks, and that that bid is not entitled to be treated as a *bona fide* offer for the property. * * *"

His Honor, the Circuit Judge, concluded his decree by ordering that the master's report of sale be confirmed.

Mr. A. J. Hydrick, Jr., made the following affidavit, which shows what took place when the property was sold: "Personally appeared before me A. J. Hydrick, Jr., who, being duly sworn, says that he is and was at the times hereinafter mentioned a practicing attorney at the Orangeburg bar, in the county of Orangeburg, in said State. The deponent was present when C. G. Henderson, master of Colleton county, offered for sale certain real estate in the above enti-

tled cause in front of the courthouse at Orangeburg, S. C.,
at about 12 o'clock m., on sales day in March of 1912, and
that at said sale he became a purchaser of said property as
attorney for Mrs. Sophia A. Stack; that, immediately prior
to the time when the said master offered the said property,
certain notices protesting and objecting to the sale were
offered and made known to the bidders, and to Messrs.
Brantley and Zeigler and W. C. Wolfe, attorneys for certain
of the parties in said cause; that these notices were read
either by M. E. Zeigler, Esq., Thos. F. Brantley, Esq., or W.
C. Wolfe, Esq., or by two of them. Deponent does not
remember and cannot say positively which one or two of
these gentlemen actually read the notices, but remembers that
certain protests were read. * * * Deponent further remem-
bers that the master demanded of him an immediate compli-
ance on the part of his client, whereupon deponent stated
that he could not advise his client to comply until he had an
opportunity to examine the title to the said property, where-
upon the master announced, if the bids were not complied
with by 2 o'clock p. m. of that day, that he would resell the
property; that deponent did not attend a resale of the prop-
erty at 2 o'clock p. m., nor was he among the bidders at that
time, nor did he make any bid or bids thereon. (Signed)
A. J. Hydrick, Jr."

There are other affidavits substantially to the same effect.

*Messrs. A. J. Hydrick, Jr., Robert E. Copes* and *W. B.
Martin,* for the appellant, cite: *Purchaser party to action:*
71 S. C. 87; 37 S. E. 289; 24 Cyc. 30. *Entitled to notice
of filing of report on sale:* 2 Code Civ. Proc. 328, 332; 24
Cyc. 30. *And to appeal from order confirming same:* 37
S. C. 289.

*Messrs. Brantley & Zeigler* and *Wolfe & Berry,* also for
appellants, cite: *Circuit Judge cannot modify order of
another Judge:* 85 S. C. 570. *Sale in violation of stay
order:* 17 A. & E. Enc. 1004. *Purchaser entitled to time to*

17—97

*examine title and comply:* 37 S. C. 23; 87 S. C. 357; 58 S. C. 457; 13 S. C. 212. *Construction of will:* 93 S. C. 213.

*Messrs. Howell & Gruber,* for respondent, cite: *Appellant not a party to action:* 18 S. C. 501; 71 S. C. 87; *Ib.* 321; 16 S. C. 550; 23 S. C. 111; 23 S. C. 112.

April 23, 1914.

The opinion of the Court, after reciting the above stated facts, was delivered by MR. CHIEF JUSTICE GARY.

The practical question is whether there was error in the resale of the property after it was bid by Mr. A. J. Hydrick, Jr., as attorney for Mrs. Sophia A. Stack.

In *Chemical Co.* v. *McLucas,* 87 S. C. 350, 69 S. E. 670, the Court says: "The principle is well settled in this State that a purchaser of land, under a decree rendered by the Court, in the exercise of its chancery jurisdiction, is entitled to a reasonable time, after bidding off the property, to ascertain whether the title is definite"—citing the case of *Mitchell* v. *Pinckney,* 13 S. C. 212. To the same effect is the case of *Fuller* v. *Missroom,* 35 S. C. 314, 14 S. E. 714, in which the Court announced the principle that a purchaser at a sale for partition is entitled to have the title examined, and a report made thereon by the master.

The facts unquestionably show that Sophia A. Stack was not allowed a reasonable time within which to examine the title, and the authorities just cited sustain the proposition that the resale of the property by the master was a nullity.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and that Sophia A. Stack, appellant, be allowed 20 days after the remittitur is sent down within which to comply with the terms of the sale under which property was sold; that, if she fails to comply with the terms of sale within that time, then the property shall be resold upon the terms mentioned in the decree.

MR. JUSTICE FRASER concurs in the result.