10993

EX PARTE PATTERSON,

BLATT v. BLOUNT

(113 S. C., 467)

1. APPEAL AND ERROR—DUE TO OTHER JUDICIAL PROCEEDINGS, QUESTION RAISED HELD ACADEMIC.—Where a successful bidder at a foreclosure sale obtained an order restraining a resale, and in the county where the land is situated was heard on his own motion to require a further sale to be stayed, and on motion of opposing party to require this bidder to comply with his bid, the question raised by this bidder, whether under Civ. Code 1912, § 3333, as amended

by Act March 7, 1921, 32 St. at Large, p. 281, § 1, a Judge at chambers in a county other than the one in which the property is situated, without notice to the successful bidder, has the power to change the terms of the former order of sale, and order a resale of the property, became academic.

2.  Judicial Sales—Court Empowered to Force Successful Bidder to Comply With Terms of Order of Sale.—A Court of Equity has jurisdiction of a successful bidder at a judicial sale as a party, or *quasi* party, to the proceedings in which the sale was ordered, to the extent necessary to enforce compliance with the terms of the order, and to protect the rights of parties whose interests in the realty have been adjudicated.

3.  Judicial Sales—Purchaser Entitled to Reasonable Time to Ascertain Whether Title Defective.—A purchaser of land under a Court decree is entitled to a reasonable time after bidding to ascertain whether the title is defective.

4.  Mortgages—Period for Compliance Having Been Extended, Successful Bidder Not Entitled to Additional Time for Investigation of Title.—The successful bidder at a foreclosure sale, with knowledge of an alleged cloud in the title, who failed to comply with the cash terms of the sale within eight days thereafter, and was by the Court's order given the privilege of complying during the period from sales day in November until sales day in January, was not entitled to inject himself into the foreclosure cause as a party, and require that proceedings be stayed until an alleged dower claim in the land could be disposed of to his satisfaction.

Before ·Shipp, J., Allendale, December, 1921.   Affirmed.

Foreclosure proceedings by N. Blatt against E. E. Blount. Foreclosure decreed, and P. W. Patterson purchased the property at the foreclosure sale.   From an order directing a resale of the property, P. W. Patterson appeals.   Affirmed.

The following is the order of Judge Shipp:

This matter comes before me on notice of ·Jas. M. Patterson, Esq., attorney for P. W. Patterson, and also on notice of Harley & Blatt, as attorneys for N. Blatt.   The facts are these:

A foreclosure proceeding was had by N. Blatt, as plaintiff, against E. E. Blount, wherein the said Blount defaulted, and a decree was had, signed by me at Allendale, at the

regular term of Court, giving judgment to the plaintiff, N. Blatt, for the amount of his mortgage, and directing that the land be sold after being duly advertised as required by law. The decree further provided that by the terms of sale it was to be for cash, and upon the failure of the purchaser to comply a resale was to be had at some subsequent salesday. On salesday in November the land was offered for sale at Allendale Courthouse, under the terms of the original decree, by Special Master R. P. Searson, at which time J. M. Patterson, Esq., read a notice wherein it was stated that one Mrs. E. D. Blount claimed certain interest in the lands by way of dower. Thereafter the lands were sold to Jas. M. Patterson, attorney, in the sum of $4,150.

It further appears about eight days passed, and the said Jas. M. Patterson, attorney, failed to comply with his bid, and on a verified petition Harley & Blatt, attorneys for N. Blatt, appeared before me at my chambers at Aiken, where I was holding Court at a regular term, and secured an amendment to the original decree, wherein the said decree was amended by adding that the purchaser at a resale was to deposit, immediately after his bid, if he be the successful bidder, the sum of $500.00 in cash or a certified check for a like amount. No notice was given to Jas. M. Patterson, attorney, or P. W. Patterson, defendant, for application of the amended decree. Therefore Jas. M. Patterson, attorney, gave notice of appeal from the order, and appeared before me on affidavit, and secured a stay of the sale, which was to be had upon the failure of the said Patterson to comply with his bid. I granted the order staying the sale and required a $4,000.00 bond.

The attorney for P. W. Patterson takes the position that the mortgagee should be required to come in and defend the title unto the purchaser, and that, pending the trial of the question of title, the sale shall be stayed. The attorneys for N. Blatt contend that this should not be done, and that the said Patterson has had some 35 or 40 days in which

to investigate the title and comply with his bid, and that he either should comply with his bid, or else allow the sale to be had, and let some one else purchase, as they may be advised. After hearing the matter fully argued, I decided that the amended decree was an administrative order, and that I had authority to make the same, and that there is no law that would require a mortgagee to come in and protect a title in foreclosure proceeding unto the purchaser.

Now, on motion of Harley & Blatt, it is ordered that the motion to require the said N. Blatt to come in and protect the title unto the purchaser until the claim of dower is settled, and that the sale be stayed pending the said suit, be and the same is hereby refused, and that the motion to require the said P. W. Patterson to comply with his bid is hereby refused; and it is further ordered that there shall be a resale, and the same is hereby ordered under the terms and conditions of the original decree as amended by me at Aiken, S. C.

Let the property be advertised for sale on salesday in January, or upon some subsequent salesday, the advertisement to appear in one of the county papers in Allendale for three weeks, and let the said P. W. Patterson have until the sale to comply with his bid.

*Mr. James M. Patterson,* for appellant, cites: *Bidder at judicial sale becomes party to the action*: 24 Cyc., 30; 2 McC. Eq., 151; 18 S. C., 501; 37 S. E., 289; 13 S. C., 174; 71 S. C., 87. *Court should stay proceedings until dower claim was disposed of*: Const. 1895, Art. V, Sec. 25; 1 Civ. Code 1912, Sec. 3823; Code Proc. 1912, Sec. 273; 72 S. C., 321; Code Proc. 1912, Sec. 171. *Inchoate right of dower*: 69 S. C., 370; 77 S. C., 64.

*Messrs. Harley & Blatt,* for respondent, cite: *Purchaser with notice of defect not entitled to relief*: 16 R. C. L., 122; 13 S. C., 112; 2 Strob. Eq., 154; 1 Rich. Eq., 409; 3 Strob. Eq., 171; 58 S. C., 483; 35 S. C., 326; 48 S. C., 295.

*No notice of motion necessary:* 37 S. C., 120. *No implied warranty in judicial sales*: 4 McC., 434.

August 19, 1922.

The opinion of the Court was delivered by Mr. Justice Marion.

This is an appeal from an order of Hon. S. W. G. Shipp, Circuit Judge, ordering a resale of the real estate involved in a foreclosure suit. The appellant is the successful bidder at the first sale, and contends that he has a right to have further proceedings stayed until an alleged cloud on the title has been removed. The facts are fully and clearly set forth in Judge Shipp's order, which will be incorporated in the report of the case.

Appellant states the two questions raised by the appeal as follows:

"(1) Has a Judge at chambers, in a county other than the one in which the property is located, without notice to the successful bidder, the power to change the terms of the former order of sale, and order a resale of the property?

"(2) Has the Court of Equity the power to stay proceedings in a foreclosure action, until a cloud on the title has been removed; and did the Circuit Judge abuse his discretion in this case by refusing to exercise that power?"

As to the first question: Under the provisions of Section 3833, Civil Code 1912, amended 32 Stat., p. 281, a Circuit Judge has power at chambers "to hear and determine actions for partition and foreclosure suits, either within or without the county where the land in question lies." This was a default case. Whether the appellant, by virtue of his successful bid, with which he had failed to comply, became such a party to the cause as entitled him to notice of the application made to Judge Shipp at Aiken, eight days after the sale on November 7, for an order authorizing a resale of the property under different terms, has become an academic question. The appellant obtained an order

restraining a sale under the amended decree signed at Aiken. He was then fully heard upon his own motion to require that a further sale be stayed, and upon the motion of plaintiff, pursuant to notice, to require him to comply with his bid, before Judge Shipp at Barnwell on December 12, 1921. No order passed upon an ex parte application ever became effective, so as to affect any alleged rights of the appellant, until after he had had ample notice and full opportunity to be heard.

2, 3    As to the second question, the conclusion of the Circuit Judge was clearly correct. To the extent it may be necessary to enforce compliance with the terms of an order for the sale of land, and to protect the rights of parties whose interests in such real estate have been adjudicated in a cause regularly before it, a Court of Equity unquestionably has jurisdiction of a successful bidder at a judicial sale as a party, or *quasi* party, to the proceedings in which the sale was ordered. *Corbett v. Fogle,* 72 S. C., 321; 51 S. E., 884; *Ex parte Qualls,* 71 S. C., 87; 50 S. E., 646; *Kibler v. McIllwain,* 16 S. C., 550. The principle is also "well settled in this State that a purchaser of land, under a decree rendered by the Court in the exercise of its chancery jurisdiction, is entitled to a reasonable time, after bidding off the property, to ascertain whether the title is defective." *Virginia-Carolina 'Chemical Company v. McLucas,* 87 S. C., 350; 69 S. E., 670; *Mitchell v. Pinckney,* 13 S. C., 212; *Smith v. Smith,* 97 S. C., 242; 81 S. E., 499; 52 L. R. A. (N. S.), 751; Ann. Cas., 1916-C, 763.

4    But there is neither reason nor authority for the proposition that one who bids at a foreclosure sale, with knowledge of an alleged cloud on the title, who has further opportunity to investigate, and fails to comply with the cash terms of sale within eight days thereafter, who by order of the Court is discharged from any obligation to comply with his bid, but is nevertheless granted the privilege of complying therewith for a period extending

from salesday in November until salesday in January, may inject himself into a foreclosure cause as a party, and require that proceedings be stayed until an alleged dower claim in the land can be disposed of to his satisfaction. In no view of the case had the appellant any legal or equitable rights which were not fully protected by the orders of the Circuit Judge.

The exceptions are overruled, and the order of the Circuit Judge is affirmed.