August 19, 1922. The opinion of the Court was delivered by
This is an appeal from an order of Hon. S.W.G. Shipp, Circuit Judge, ordering a resale of the real estate involved in a foreclosure suit. The appellant is the successful bidder at the first sale, and contends that he has a right to have further proceedings stayed until an alleged cloud on the title has been removed. The facts are fully and clearly set forth in Judge Shipp's order, which will be incorporated in the report of the case.
Appellant states the two questions raised by the appeal as follows:
"(1) Has a Judge at chambers, in a county other than the one in which the property is located, without notice to the successful bidder, the power to change the terms of the former order of sale, and order a resale of the property?
"(2) Has the Court of Equity the power to stay proceedings in a foreclosure action, until a cloud on the title has been removed; and did the Circuit Judge abuse his discretion in this case by refusing to exercise that power?"
As to the first question: Under the provisions of Section 3833, Civil Code 1912, amended 32 Stat., p. 281, a Circuit Judge has power at chambers "to hear and determine actions for partition and foreclosure suits, either within or without the county where the land in question lies." This was a default case. Whether the appellant, by virtue of his successful bid, with which he had failed to comply, became such a party to the cause as entitled him to notice of the application made to Judge Shipp at Aiken, eight days after the sale on November 7, for an order authorizing a resale of the property under different terms, has become an academic question. The appellant obtained an order *Page 83 
restraining a sale under the amended decree signed at Aiken. He was then fully heard upon his own motion to require that a further sale be stayed, and upon the motion of plaintiff, pursuant to notice, to require him to comply with his bid, before Judge Shipp at Barnwell on December 12, 1921. No order passed upon an ex parte application ever became effective, so as to affect any alleged rights of the appellant, until after he had had ample notice and full opportunity to be heard.
As to the second question, the conclusion of the Circuit Judge was clearly correct. To the extent it may be necessary to enforce compliance with the terms of an order for the sale of land, and to protect the rights of parties whose interests in such real estate have been adjudicated in a cause regularly before it, a Court of Equity unquestionably has jurisdiction of a successful bidder at a judicial sale as a party, or quasi party, to the proceedings in which the sale was ordered. Corbett v. Fogle, 72 S.C. 321;51 S.E., 884; Ex parte Qualls, 71 S.C. 87;50 S.E., 646; Kibler v. McIllwain, 16 S.C. 550. The principle is also "well settled in this State that a purchaser of land, under a decree rendered by the Court in the exercise of its chancery jurisdiction, is entitled to a reasonable time, after bidding off the property, to ascertain whether the title is defective." Virginia-Carolina Chemical Company v.McLucas, 87 S.C. 350; 69 S.E., 670; Mitchell v. Pinckney,13 S.C. 212; Smith v. Smith, 97 S.C. 242;81 S.E., 499; 52 L.R.A. (N.S.), 751; Ann. Cas., 1916-C, 763.
But there is neither reason nor authority for the proposition that one who bids at a foreclosure sale, with knowledge of an alleged cloud on the title, who has further opportunity to investigate, and fails to comply with the cash terms of sale within eight days thereafter, who by order of the Court is discharged from any obligation to comply with his bid, but is nevertheless granted the privilege of complying therewith for a period extending *Page 84 
from salesday in November until salesday in January, may inject himself into a foreclosure cause as a party, and require that proceedings be stayed until an alleged dower claim in the land can be disposed of to his satisfaction. In no view of the case had the appellant any legal or equitable rights which were not fully protected by the orders of the Circuit Judge.
The exceptions are overruled, and the order of the Circuit Judge is affirmed.