THREATT v. BREWER MINING COMPANY.

1. PRACTICE—IMPROPER CALENDAR.— Where a case in the Circuit Court is docketed on the wrong calendar, the proper remedy, it seems, is a motion to have the cause transferred to the proper calendar.

2. TRIAL OF ISSUES.—Under the Code of Procedure, an action may involve both legal and equitable issues, but they must be separately tried, each by its appropriate tribunal.

REP.]                    April Term, 1894.

3. NUISANCE—DAMAGES—JURY TRIAL—INJUNCTION.—In action to recover damages for an alleged nuisance, and to enjoin its continuance, with the issue of nuisance or no nuisance raised by the pleadings, the question of nuisance and damages is a preliminary legal issue triable by jury, and the cause should properly be docketed on Calendar No. 1. The prayer for injunction cannot deprive the action of its nature as an action at law.

Before ALDRICH, J., Chesterfield, February, 1894.

Action by Miles Threatt against the Brewer Mining Company.

*Mr. W. F. Stevenson*, for appellant.

*Messrs. H. H. Newton* and *W. S. Blakeney*, contra.

July 27, 1894.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.   This is an appeal from an order of his honor, Judge Aldrich, refusing a motion to strike the case from Calendar No. 1, and ordering the case to remain on that calendar for a trial by a jury.   The action seems to have been commenced on the 29th day of March, 1893, by the lodgment of the summons in the sheriff's office on that day, but the same was not served on the defendant until the 4th of May, 1893, when it, together with the complaint, was served. In the meantime, to wit: on the 27th of April, 1893, the plaintiff applied for and obtained from the Chief Justice, a rule to show cause on the 8th day of June, 1893, why an order of injunction, as prayed for in the complaint, should not be granted. For reasons needless to be stated, the return to the rule was not made until the 23d of June, 1893, when the same came on for hearing on the 23d of June, 1893, before the Chief Justice at chambers, who, on that day, without any indication of opinion as to the facts, ordered that the rule be discharged "without prejudice to the (right of) plaintiff to renew his motion for an injunction, if he be so advised."

No further application for injunction appears to have been made, and at the September term of the court for 1893, when the cause appeared upon Calendar No. 2, plaintiff's attorneys announced that they proposed "to move for issues to be framed

for a jury." The attorneys for defendant objected to any proceeding being taken in the cause, "on the ground that the cause was improperly docketed, in that plaintiff had failed to endorse the nature of the issue on the summons and complaint, as required by the statute, as a prerequisite to docketing;" and, upon their motion, an order was granted by his honor, Judge Fraser, sustaining said objection, and ordering that the case "be stricken from the docket, with leave to restore it to the docket." From this order no appeal appears to have been taken, or at least none has been prosecuted, and, therefore, the question whether there was any error in the order of Judge Fraser is not before us for consideration.

Before the next succeeding term the plaintiff made upon the summons and complaint the following endorsement: "Issues of fact for a jury. Docket No. 1," and at that term the case appeared upon Calendar No. 1. The defendant gave due notice that, upon the call of the case, a motion would be made to strike the case from the calendar on the ground that the cause had been improperly docketed. This motion was heard by his honor, Judge Aldrich, on the 10th of February, 1894, who, on that day, granted the following order: "Upon calling the above case on Calendar No. 1, a motion was made by defendant's attorneys, upon previous notice, to strike said case from said calendar on the ground that it was improperly docketed, in that it should have been placed on Calendar No. 2, and not upon Calendar No. 1. After hearing the argument of counsel for and against said motion, it is ordered, that said motion be refused and overruled, and that said cause do remain upon Calendar No. 1 for a trial by a jury." From this order defendant appeals upon the several grounds set out in the record, which need not be repeated here, as they all make, in different forms, the single question whether the case should have been docketed on Calendar No. 1.

By the act of 1882 (18 Stat., 41), it is provided: "That hereafter there shall be but three calendars for the Court of Common Pleas in this State, and the clerks of the court shall arrange the causes thereon as follows: Upon Calendar No. 1 shall be placed all cases and issues to be passed

upon by a jury. Upon Calendar No. 2 shall be placed all cases to be .passed upon by the court," &c.—the balance of the act not being pertinent to the present inquiry. By the act of 1887 (19 Stat., 836), it is provided: "In all issues to be tried by the court or a jury, the plaintiff shall, at least fourteen days before court, file in the clerk's office the summons and the complaint in the action, endorsing thereon the nature of the issue and the docket upon which the same shall be placed." It seems from the "Case" that this requirement of the act of 1887 was complied with, and that the case was entitled to be docketed, and if found upon the wrong calendar, then the proper motion would seem to be, as suggested in *Westlake* v. *Farrow*, 34 S. C., 270, and in *McGee* v. *Hall*, 23 *Id.*, at page 392, to transfer the case to the proper calendar.

But waiving this, we will proceed to consider what seems to be the main controversy between the parties, viz: whether there was error in docketing the cause on Calendar No. 1. To determine this question, we must look into the pleadings in order to ascertain the nature of the action, and whether it presents both legal and equitable issues—those of the one being triable by a jury, while those of the other are triable by the court; for it is well settled, ever since the case of *Adickes* v. *Lowry*, 12 S. C., 97, followed by numerous other cases, that under the Code, both of these different classes of issues may be presented in the same action, which, however, must be tried (unless waived) by the tribunal appropriate to each. Looking, then, to the pleadings, it seems to us clear that the nature of the action is very much the same as in the cases of *Kennerty* v. *Etiwan Phosphate Company*, 17 S. C., 411, and *Hellams* v. *Switzer*, 24 *Id.*, 39; though in the first case cited the object of the action was simply to enjoin the further operations of the works of the defendant, alleged to be the cause of the nuisance complained of, and not to recover damages already sustained, which seems to have been settled under a previous action between the same parties by some compromise. But here, as well as in the case of *Hellams* v. *Switzer*, the object of the action is not only to recover damages already sustained by reason of an alleged nuisance kept up and main-

tained by defendant, but also to enjoin the further continuance of the same. There can be no doubt that a claim for damages, which prior to the Code would have been enforced by an action on the case, is a purely legal demand, triable by a jury, and the fact that with such demand there was united an equitable demand for an injunction, cannot deprive the action of its nature as an action at law, triable by a jury. *Hellams* v. *Switzer, supra.*

But, besides this, both of the cases cited hold that where the question of nuisance or no nuisance is put in issue by the pleadings, as it is here, "the Court of Equity is not the appropriate tribunal for the trial of such an issue. In such cases the general rule undoubtedly is that equity will not grant an injunction until the legal rights of the parties are determined, and the fact that a nuisance exists is established in a law court, which is the proper tribunal to decide such questions and measure the damages. The fact of damage is one which the defendant had a right to have passed upon by a jury, and the right of the plaintiff, in case of success in that issue, to have an injunction against the continuance of the nuisance, was supplementary thereto." *Kennerty* v. *Etiwan,* at page 417. And the same doctrine is laid down by Mr. Justice McGowan in *Hellams* v. *Switzer,* at page 44.

It seems to us clear, therefore, that the case presented an issue properly triable by a jury, and there was no error in docketing the case on Calendar No. 1. Whether it will not be proper, in the event that the plaintiff shall succeed in establishing the fact of nuisance, and the amount of damages consequent thereon, then to transfer the case to Calendar No. 2, in order that the plaintiff's claim for injunction may be determined by the appropriate tribunal, is a question not now before us, as the order of Judge Aldrich does not require that *all* of the issues in the action be tried by a jury; and at all events we will assume that, when the contingency arises, the Circuit Judge will take the proper course to dispose of the demand for injunction.

The judgment of this court is, that the order appealed from be affirmed.