## WARD v. WESTERN UNION TEL. CO.

1. COMMON PLEAS—NEWBERRY—JURISDICTION—MOTION—DOCKETING—NOTICE OF TRIAL—JUDGMENT.—The statutes provide for a Court of Common Pleas for Newberry County in July, and at such time the Judge has jurisdiction to hear a motion to open a default judgment made in a cause on Calendar 1 at the preceding term and by order continued to the next term, although the cause was still on Calendar 1 and brought forward by clerk on that Calendar, and so brought forward the docketing is sufficient notice of trial.

   *Burwell* v. *Chapman,* 59 S. C., 581, *affirmed.*

2. JUDGMENT—DOCKETING.—Putting a default case on Calendar 1 and submitting it to a jury, is a mere irregularity, and this Court will not set aside such judgment, in absence of ruling thereon by Circuit Judge.

3. DOCKETING.—A MOTION in a case already docketed should not be docketed again.

Before TOWNSEND, J., Newberry, July, 1901. Affirmed.

Motion in Ward against Western Union Telegraph Co. From order refusing motion, defendant appeals.

*Messrs. Cothran & Cothran,* for appellant, cite: *There is no provision of law for holding a civil Court in Newberry in summer:* Art. V., sec. 26; 22 Stat., 685; Code, 26; 40 S. C.. 480. *Provision in order continuing the motion to next term continued it till next regular term, which was not until October:* 59 S. C., 581; Code, 26, 311; 40 S. C., 486. *Improper to put case in first instance on calendar one:* Code, 267, 276. *Motion as docketed did not stand for trial at July Court.* Code, 276; 46 S. C., 502; 48 S. C., 360.

*Messrs. Johnstone & Welch,* contra, cite: *Court of Common Pleas had jurisdiction to hear motion in July:* Code, 26; 59 S. C., 587. *When two grounds of error are assigned in one exception, and one is not sustained, the whole must be overruled:* 42 S. C., 471; 2 Ency. P. & P., 938. *Improper docketing in first instance is not before this Court, because*

*not made on Circuit:* 32 S. C., 90. *This is not a jurisdic-*
*tional question, but a mere irregularity:* 61 S. C., 140; Code,
160; 17 Ency., 2 ed., 1060; 23 S. C., 166; Code, 267. *A*
*motion to vacate a judgment by default is a motion in the*
*case:* 32 S. C., 503; 35 S. C., 612; 34 S. C., 452; Code, 276.
*This motion is discretionary and meritorious defense must*
*be shown before it will be granted:* 23 S. C., 602; 14 S. C.,
223; 17 S. C., 451; 28 S. C., 609; 15 S. C., 614; 1 Freeman
on Judgt., par. 96, 102, 108, 114, 115; 6 Ency. P. & P., 181,
183, 184, 186, 188, 200; 110 U. S., 185; 42 N. W. R., 314;
36 N. W. R., 359; 50 N. W. R., 1129; 18 How. Pr., 347; 37
N. W. R., 462; 46 N. W. R., 292; 3 How. Pr., 324; 63
Pac., 65; 31 Pac., 624; 78 N. W. R., 381; 27 Pac., 128; 52
Pac., 219; 46 N. W. R., 84; 55 N. W. R., 963; 60 N. W. R.,
564; 19 N. Y. St. R., 215; 27 S. W. R., 367; 1 How. Pr.,
230. *And this defense must appear by affidavit:* 1 Ency. P.
& P., 352; 2 McC., 250; 1 McC., 283.

January 20, 1902. The opinion of the Court was de-
livered by

MR. JUSTICE GARY. The record contains the following
statement of facts: "Appeal from order of Judge D. A.
Townsend, dated July 26th, 1901, refusing defendant's
motion to set aside a judgment by default rendered at Feb-
ruary term, 1901, for $1,200 in favor of plaintiff against the
defendant, and for leave to answer. On January 19th,
1901, Messrs. Johnstone & Welch, attorneys for D. P. Ward,
prepared summons and complaint in an action entitled, D. P.
Ward, plaintiff, against the Western Union Telegraph Com-
pany, defendant, claiming damages to the amount of $1,950
for the alleged wilful, intentional and wanton failure of the
defendant to deliver a certain telegram therein set forth,
which failure it was also alleged was due to the grossest
carelessness and negligence on the part of the defendant.
* * * On January 19th, 1901, the original and a copy of the
summons and complaint were handed by said Johnstone &
Welch to one L. L. Hunter, a clerk in their office, with

instructions to serve the same on Miss S. L. Holland, the manager of the defendant's office at Newberry. Said L. L. Hunter did as directed, and made affidavit on the original summons that he had served the summons and complaint January 19th, 1901, by delivering a copy thereof to Miss S. L. Holland, agent of defendant at Newberry, S. C. The copy of the summons was marked, 'Copy Miss S. L. Holland.' No answer, demurrer or notice of appearance was filed or served by the defendant within twenty days as required by the summons, and on February 11th, 1901, the original summons and complaint were filed by plaintiff's attorneys in the office of the clerk of the Court of Newberry County and by the direction of plaintiff's attorneys the cause was docketed by the clerk on calendar No. 1. The Common Pleas Court for Newberry County opened on February 25th, 1901. On February 26th, 1901, the cause being on calendar 1 was called by the presiding Judge, Hon. J. C. Klugh, and affidavit by plaintiff's attorneys was made to the effect that no answer, demurrer or notice of appearance had been served or filed as required by the summons; a jury was enpanelled, testimony for the plaintiff was given (the defendant not being represented); the presiding Judge charged the jury; the jury retired and returned with a verdict of $1,200 in favor of the plaintiff. On February 28th, 1901, the defendant, through its counsel, without previous notice to plaintiff's attorneys, called the matter to the attention of the presiding Judge in open Court and proposed to move for an order vacating the judgment, this being after the presiding Judge had made the entry 'ended.' Plaintiff's attorneys objected to hearing the motion on the ground that four days notice thereof had not been given. The Court sustained the objection over the contention of defendant's attorney, that during the term the Court had absolute control of its judgments and no notice was required. Upon defendant's motion the Court then signed the following order (this was also after the presiding Judge had made the entry 'ended') : 'The defendant wishing to make a motion in this case to set aside the

judgment by default herein rendered February 26th, 1901, and for leave to answer, it is ordered, that the plaintiff show cause on Friday, March 1st, 1901, at 10 o'clock A. M., why said motion should not be granted.   Let copies of this order, the notice and of the affidavits, be served forthwith upon the plaintiff or his attorneys.   J. C. Klugh, presiding Judge.' Copies of the order, notice and affidavits were forthwith (February 28th) served upon the attorneys for the plaintiff.   The Court was engaged in the regular call of calendar No. 2 at the time the motion was noticed for hearing, Friday morning, April 1st, at 10 A. M., and was continuously so engaged until 11 o'clock that night.   The presiding Judge had announced his determination to adjourn the Court *sine die* Friday night, and at 11 o'clock defendant's attorney called up the motion, that being the first opportunity therefor.   The presiding Judge announced that he could not hear the motion for want of time.   Upon defendant's motion the Court then signed the following order: 'Defendant has given notice of a motion to vacate the judgment by default in this case and for leave to answer.   By my order, the matter was made returnable this day at 10 o'clock.   It is impossible at this time to reach said motion at this term.   It is, therefore, ordered, that the motion be continued until the next term of this Court.   It is further ordered, that the execution upon the judgment herein be stayed until the determination of said motion.   J. C. Klugh, presiding Judge.'   The Court of General Sessions convened on July 22d, 1901, and adjourned *sine die* on Friday, July 26th, about 10 o'clock A. M. Immediately upon the adjournment of the sessions, in the absence of defendant's attorneys, who reside at Greenville, S. C., and without notice to them of said purpose, plaintiff's attorneys called up the motion and procured from Judge Townsend the following order: 'Upon hearing the motion herein, showing thereunder and the argument of counsel, it is ordered: I. That the restraining order hereinbefore granted be and the same is hereby vacated, set aside and rescinded. II. That the motion to open, set aside or vacate the judgment

herein be and the same is hereby overruled, refused and denied.   D. A. Townsend, presiding Judge.'   The main cause was docketed on calendar 1.   The entry by Judge Klugh upon calendar 1 at the February term was as follows: 'Verdict for plaintiff for $1,200.   Order for judgment upon failure to answer, &c.   Ended.'   This was before the motion to vacate and open the judgment by default was made, and the entry remained uncharged when the several motions were made and the orders obtained.   The cause was carried forward by the clerk on calendar 1.   He filled in neither of the words 'July' nor 'October' at the head of calendar No. 1.   He did not state for what term it was forwarded, as a matter of convenience, understanding that it would not likely be needed before October, hence he left the term blank.   The entry by Judge Townsend upon calendar 1 at the July term is as follows: 'Order.'   The motion of the defendant to vacate the judgment hereinbefore set out, has never been docketed on calendar 2.   The session of the Court of Common Pleas lasted about two hours, and adjourning *sine die* on Friday, July 26th, 1901, at or about 12 o'clock M."

The defendant appealed upon exceptions, the first of which is as follows: "The act of 1898, providing for the holding of Court for Newberry County, makes no provision for holding the Court of Common Pleas in July.   The Court was without jurisdiction to hear the motion to vacate the judgment or to pass the order appealed from, and for the reason also that Judge Klugh's order continued the motion until the next regular term in November."   That part of the exception raising the question that Judge Klugh's order continued the motion until the next regular term in November, cannot be sustained, for the reason that it continued the motion until the *next* term and not the *regular* term of the Court.   So much of the exception as contends that the Court was without jurisdiction to hear the motion to vacate the judgment or to pass the order appealed from, is conclusively disposed of by the case of *Burwell* v.

*Chapman,* 59 S. C., 581, which shows that the Court did have jurisdiction. Upon request, leave was granted the appellant to bring in review the doctrine announced in that case, from which, however, this Court sees no reason to recede.

The second exception is as follows: "The defendant having failed to answer, demur or give notice of appearance, the cause should have been docketed for the February term upon calendar 3 and not upon calendar 1. The Court at that term, therefore, had no authority to make an order for judgment in the case." At the time the judgment was rendered the Court had jurisdiction of the subject matter and the person of the defendant. Even conceding, therefore, that there was error in placing the cause upon calendar one it was not jurisdictional, but a mere irregularity, which cannot be considered by this Court in the absence of a ruling thereon by the Circuit Court. *Claussen* v. *Johnson,* 32 S. C., 86.

The third exception is as follows: "The cause being a default matter, not having been docketed at the February term upon calendar 3 but having been brought forward by the clerk on calendar 1 for the July term, the Court at the July term had no authority to make any order therein. Having been marked 'ended' by Judge Klugh, the clerk had no authority to bring the cause forward for the July term." What was said in considering the second exception is applicable to this exception. We may say, however, that after the Circuit Court marked the cause "ended" on the calendar, the subsequent order showed that the cause had not been finally disposed of, as the defendant's motion was necessarily made in that case. *Ex parte Bank,* 56 S. C., 12. Section 276 of the Code, which provides that "the clerk shall, within twenty days after every adjournment of the Court of Common Pleas, carry forward on calendars numbers 1 and 2 for trial or hearing at the next term, all causes not finally disposed of at the preceding

term," shows that the cause was properly carried forward by the clerk.

The fourth exception is as follows: "The Court at the July term of the Court had no authority to make the order dismissing the defendant's motion to vacate the judgment theretofore rendered, for the reason that such motion is required by law to be docketed upon calendar 2, which was not done either by plaintiff or by defendant."

Although this exception is disposed of by what has already been said, the Court, however, takes occasion to say that a motion in a cause already upon the calendar should not be docketed anew.

The fifth exception is as follows: "The order appealed from was made in the absence of the defendant or its counsel and without notice of trial of the issues raised by the motion, as required by law. Said notice being the docketing of the motion upon calendar 2 fourteen days before Court by the defendant, or seven days by the plaintiff." The question raised by this exception has already been considered.

The sixth exception is as follows: "That no notice of trial, such as is required by statute, was given in this case, and for this reason the motion to vacate the judgment did not 'stand for trial' at the term of Court commencing on July 22d, 1901, or at the conclusion of the Court of General Sessions convening on said day. The Circuit Judge, therefore, erred in signing the order appealed from." The question presented by this exception is disposed of by what was said in considering the other exceptions.

The seventh exception is as follows: "The presiding Judge erred in reciting in the order appealed from that the same was made 'after argument of counsel.'" The order of Judge Townsend was, in effect, a dismissal of the defendant's motion for failure of prosecution, and not upon the merits. It may have been that these words were inserted in the order by reason of the fact that certain affidavits were introduced and used, when the order was granted. Under

our construction of the order, the words are immaterial.

It is the judgment of this Court, that the order of the Circuit Court be affirmed, without prejudice to the right of the defendant to make a motion to set aside the order of Judge Townsend.