### ABLE v. SOUTHERN RY.

1. Torts—Removal of Causes—Parties.—Master and Servant are jointly liable for the wilful tort of the servant committed in the scope of his employment while in the master's service, and in action against the master the servant is a proper party, and he is not a sham defendant because no judgment can be collected of him for lack of property or because he was made a party to prevent removal of the cause into the United States Court.
2. Docket—Demurrer.—Hearing a demurrer in case on Calendar No. 1, there being no motion by either party to transfer to Calendar No. 2, and no showing that party was taken by surprise or deprived of a full hearing, is a mere irregularity, does not affect jurisdiction and affords no sufficient ground for reversal.

Before Purdy, J., Lexington, September, 1904. Affirmed.

Action by Mary E. Able, as administratrix of Oliver C. Able, against Southern Railway and James Alexander. From order refusing petition to remove cause to U. S. Circuit Court, defendants appeal.

*Messrs. B. L. Abney, E. M. Thomson* and *R. H. Welch,* for appellant.

*Messrs. Abney & Thomson* cite: *What petition for removal should set forth:* 116 Fed. R., 896; 117 U. S., 432; 122 Fed. R., 709. *The petition is as full as the law requires:* 98 Fed. R., 1; 131 U. S., 240; 64 S. C., 168; 117 U. S., 430; 122 U. S., 513; 116 Fed., 896; 135 Fed., 650; 131 Fed., 809; 119 Fed., 211; 118 Fed., 342; 94 Fed., 760; 130 Fed., 395; 128 Fed., 85; 122 Fed., 286; 25 Ency., 2 ed., 635; 20 Ency. P. & P., 4. *Demurrer should not have been heard on calendar 1:* Code of Proc., 276. *Case was properly in U. S. Court and State Court should have declined to try it:* 144 U. S., 533; 98 Fed., 1.

*Messrs. G. T. Graham* and *J. Wm. Thurmond,* contra, cite: *State Court will not abandon its own jurisdiction unless case shows on its face that defendant is entitled to removal:* 95 U. S., 186; 99 U. S., 539; 117 U. S., 430; 16 S. Ct., 869; 19 S. Ct., 499; 21 S. Ct., 69; 24 S. Ct., 610; 18 S. Ct., 264; 132 U. S., 599; 55 L. R. A., 603; 28 S. C., 396; 12 S. E., 815; 18 S. C., 469; 9 Ency. P. & P., 694. *No error to hear demurrer in case on calendar No. 1:* Code of Proc., 276; 13 S. C., 479; 41 S. C., 533; 30 S. E., 485. *Master is liable for wilful wrong of the servant:* 43 S. E., 815; 37 S. C., 380; 21 S. Ct., 67; 24 S. Ct., 609.

January 5, 1906.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    This action was brought by the administratrix of Oliver C. Able for $21,000 damages for his death by the alleged wrongful acts of the defendant railway

company and its co-defendant Alexander. The complaint alleges that the defendant railway company is a corporation duly created and existing under the laws of the State of Virginia, and owned and operated a railroad running through the town of Leesville, in the county of Lexington, in this State; that the defendant Alexander was a servant in its employ as engineer of its passenger locomotive engine which struck and killed plaintiff intestate and operated the same. The allegations of the complaint which allege the joint tort and which is material to this appeal are as follows:

"That on or about the 13th day of December, 1903, the said Oliver C. Able, deceased, plaintiff's intestate herein, was struck and killed at a public crossing and traveled place within the corporate limits of the town of Leesville, in the county of Lexington and State of South Carolina, by a locomotive engine with a train of passenger cars attached thereto, operated, controlled and managed by the defendants. And the plaintiff alleges that the death of her intestate, the said Oliver C. Able, was caused by the joint and concurrent, negligent, reckless and wanton conduct and management of the said locomotive engine by the defendants, in that said defendants ran said locomotive and train of cars on and over said railroad track and in the corporate limits of the said town of Leesville at a negligent and reckless rate of speed, and caused said locomotive engine and train of cars to approach the public crossing in Green street, in the town of Leesville aforesaid, the place at which plaintiff's intestate was walking, at a negligent and reckless rate of speed, and then and there negligently, recklessly, wantonly and wilfully caused said locomotive engine to strike and kill plaintiff's intestate; that while plaintiff's intestate was in plain view of the defendants and was actually seen by him in ample time for them to have avoided injuring him, and while plaintiff's intestate's back was toward the said locomotive and train of cars which was approaching the plaintiff's said intestate at said public crossing, and while the defendants saw and knew the perilous position of her said intestate and could easily

have avoided injuring him, but regardless of their duty in that respect and regardless of the rights of the plaintiff's intestate, and in utter disregard of human life, and without ringing the bell or sounding the whistle of said locomotive, and without observing any care or caution whatsoever, the said defendant ran said locomotive engine and train of cars over said railroad track within the corporate limits of the town of Leesville aforesaid at a negligent and reckless rate of speed, and then and there negligently, recklessly and wantonly caused said locomotive engine to strike and kill plaintiff's said intestate at said public crossing on said railroad track as he was in the act of stepping off of said railroad track at said public crossing."

Within due time, on April 27, 1904, the defendant Southern Railway Company filed its petition and bond for the removal of the cause to the Circuit Court of the United States for the District of South Carolina. The railway company on April 28th also answered the complaint denying its allegations and pleading contributory negligence. On the same day the defendant Alexander demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action against him. On the call of the cause on calendar No. 1, Honorable R. O. Purdy, the presiding Judge, refused the petition for removal, and the appeal involves chiefly the correctness of this ruling.

As stated in appellants' argument, the petition of the railway company for removal alleges: (1) that the complaint averred no fact to charge the defendant railway company with participation in alleged wilful and wanton acts of its co-defendant Alexander and showed a separable controversy; and (2) upon information and belief, that its co-defendant Alexander was made defendant to the suit, under the allegation that he is a resident and citizen of the State of South Carolina, solely for the purpose of preventing the removal of the cause to the United States Court, and that he is merely a nominal or sham defendant and not a necessary or indispensable party to the action; that the said

co-defendant cannot be made to respond to any judgment that may be had against him in the cause, and that the petitioner does not believe it is intended eventually to obtain a judgment against him. .

The first ground was not urged in the argument for the reason, no doubt, that the conclusive reasoning of the Circuit Judge is fully sustained by the cases of *Schumpert* v. *Ry. Co.,* 65 S. C., 332, 43 S. E., 813; *Carson* v. *Ry. Co.,* 68 S. C., 55, 46 S. E., 525; 194 U. S., 136. Under these authorities the master and servants are jointly liable for the wilful tort of the servant committed in the scope of his employment while in the master's service.

The application of this principle also disposes of the second ground.

If a tort was committed and the defendant Alexander is responsible therefor jointly with the railway company, he is a proper party to the action, and is in no legal sense a sham defendant because a judgment could not be collected from him for lack of property. No one can be a sham defendant who is legally liable in the action. It is not averred in the petition that the facts alleged in the complaint constituting the cause of action against Alexander and giving the State Court jurisdiction, are stated not in good faith, but pretensively, as, for example, that Alexander is known to the plaintiff not to be a resident of the State, or not to have been the engineer in charge of the locomotive, and was fraudulently made a party to defeat the right of the railway company to have the cause removed.

The view of the defendant railway company that though Alexander may be jointly liable as a matter of fact and law, yet he was a sham defendant, because the plaintiff, as defendant believes, does not expect to collect her money from him but from the railway company, is erroneous. If all this were proved, it could not confer upon Alexander or any one else the right to have the action against him dismissed. The following clear statement of the principle under consideration made by Chief Justice Fuller in the beginning of the

12—73

opinion in *Chesapeake & Ohio Ry. Co.* v. *Dixon,* 179 U. S., 131, 135, 45 L. ed., 123, is conclusive: "The question to be determined is whether the court of appeals of Kentucky erred in affirming the action of the Boyd Circuit Court in denying the application to remove. And that depends on whether a separable controversy appeared on the face of plaintiff's petition or declaration. If the liability of the defendants, as set forth in that pleading, was joint, and the cause of action entire, then the controversy was not separable as matter of law, and plaintiff's purpose in joining Chalkey and Sidles was immaterial. The petition for removal did not charge fraud in that regard, or set up any facts and circumstances indicative thereof, and plaintiff's motive in the performance of a lawful act was not open to inquiry." *Carson* v. *Ry. Co., supra; Powers* v. *Ry. Co.,* 169 U. S., 92.

From the foregoing discussion it is also obvious that the complaint states a cause of action against the engineer Alexander, and his demurrer was properly overruled. He insists, however, that as the cause had not been docketed on Calendar No. 2, the Circuit Judge was without jurisdiction to hear the demurrer against his objection upon the call of the case on Calendar No. 1. The second paragraph of section 276 of the Code of Procedure provides specifically for three calendars, and distinguishes the causes to be placed on each.

A demurrer should, in the regular conduct of the business of the Court, be heard on a different calendar from that on which issues of fact to be tried by a jury are placed. When there has been a demurrer to a pleading in a cause properly docketed on Calendar No. 1, because the issues of fact are for trial by a jury, if the cause has not been also docketed on Calendar No. 2 for the hearing of the demurrer, either party may move to have it docketed on Calendar No. 2 for that purpose. *Threatt* v. *Brewer Co.,* 42 S. C., 92, 19 S. E., 1009. In this case the defendant merely objected to hearing the demurrer on Calendar No. 1, but made no motion to

docket on Calendar No. 2. There was no showing that the defendant was taken by surprise or was deprived of a full hearing, and hence hearing the demurrer on Calendar No. 1 was at most an irregularity in no wise affecting the jurisdiction and affording no sufficient ground for reversal. *Ward* v. *Telegraph Company,* 62 S. C., 274, 40 S. E., 670.

The judgment of this Court is, that the orders appealed from be affirmed.