### 6903

#### BRATTON v. CATAWBA POWER CO.

1. ISSUES—EQUITY—DAMAGES—TITLE.—Action for damages for wilfully flooding lands and to enjoin its continuance is legal. Here the question of damages to the land, issue of title raised by answer and question of punitive damages are triable by a jury.

2. REHEARING refused.

Before DANTZLER, J., York, April, 1907. Affirmed.

Motion by defendant to transfer from Calendar 1 to Calendar 2, and for order of reference in case of R. Andral Bratton, William L. Bratton, Robert Moultrie Bratton, Thomas Sumter Bratton and Hattie Elizabeth Hanahan against Catawba Power Company. From order refusing motion, defendant appeals.

*Messrs. Wilson & Wilson, Witherspoon & Spencers, Thomas F. McDow, Francis I. Osborne, R. G. Lucas* and *Tillett & Guthrie,* for appellants. *Mr. Lucas* cites: *Issues in this action are properly triable by the Court:* Code of Proc., 274; 5 S. C., 411; 17 S. C., 32; 27 S. C., 408; 39 S. C., 452; 37 S. C., 161; 44 S. C., 161; 53 S. C., 129; 69 S. C., 186; 70 S. C., 253; 75 S. C., 471; Code of Proc., 275; 4 S. C., 145; 33 S. C., 389; 73 S. C., 533; 8 Rich. Eq., 46;

10 S. C., 476; 29 S. C. 447; 105 N. Y., 319; 29 N. E., 315; 104 Cal., 369; 23 Mass., 376; 6 Pa. Co. Ct. R., 87. *Issue of title here raised should also be tried by the Court:* 5 Rich. Eq., 351; 25 S. C., 72; 30 S. C., 234; 69 S. C., 231; 33 S. C., 389; 56 Fed., 827; 63 Fed., 508; 104 Col., 369; 71 N. Y., 333; 105 N. Y., 321. *The issue of damages arises in an equitable action and is triable by the Court:* 8 Rich. Eq., 46; 10 S. C., 476; 23 S. C., 129; 29 S. C., 447; 105 N. Y., 319; 29 N. E., 315; 31 Ohio St., 209; 11 N. Y. Supp., 488; 91 Ind., 44; 25 Kan., 588; 43 S. C., 187; 47 S. C., 187. *Allegations show damages are permanent in nature:* 23 N. H., 102; 25 Ia., 652; 70 Ia., 145; 10 Bush., 393; Pierce on R. R., 230; Mayne on Dam., 611; 24 Am. R., 792; 57 Mich., 83; 103 Ind., 314; 91 Ill., 312; 23 Kan., 585; Gould on Waters, 259; 70 Ia., 145. *Damages of a permanent character should be recovered in one action—past and prospective:* Gould on Waters, secs. 411, 416; Wood on Nuis., sec. 869; 23 N. H., 101; 15 Pick., 198; 3 Den., 283; 17 Ohio, 489; 17 Am. R., 106; 113 Ind., 425; 90 Ill., 339; 10 Bush., 393; 56 Ia., 470; 63 Ia., 36; 16 Nev., 387; L. R. 3 Q. B. Div., 389; 5 Met., 81; 61 Pa., 302; 92 Ill., 19; 110 N. C., 325; 4 Dall., 147; 11 Av. & El., 41; 3 Suth. on Dam., 403; 32 N. E., 693; 35 Ill. App., 174; 19 Am. R., 67; 70 Ia., 145; 5 N. H., 567; 8 Gray, 397; 107 Mass., 352; 112 Mass., 354; 135 Mass., 508; 69 Me., 255; 78 N. Y., 423; 63 N. Y., 884; 45 Ia., 654; 88 Ia., 281; 56 Ia., 470; 7 Ind. App., 199; 91 Ill., 312; 20 N. J. L., 249; 61 Penn. St., 302; Freem. on Judg., Secs. 241, 249; Herman on Est., secs. 222, 77; Gould on Waters, Sec. 210; 39 Kan., 465. *Defendant may compel assessment of permanent damages in this action:* 24 S. E., 730; 25 S. E., 722; 32 S. E., 681; 41 S. E., 1030, 1022; 5 West., 887. *This right is not always confined to quasi-public corporations:* 52 S. E., 954; 47 S. E., 114; 54 S. E., 85; 58 At., 46; 107 N. W., 404; 85 Pac., 344; 149 Fed., 568; 88 Pac., 773; 23 Am. D., 756; 71 Pac., 1069; 76 Pac., 447; 99 N. Y. Supp., 109; 92 Id., 960; 97 Id., 1057; 57 At., 904; 77 S. W., 868; 12 Cush., 475; 3

Farnh. on Wat., Sec. 697; 10 Ency., 1064; 78 Pac., 296; 47 N. H., 444; Kearby on Elec. Wires, Sec. 161. *Defendant's affirmative defense is purely equitable and is exhaustive of the legal issue of damages:* 73 S. C., 533; 47 S. C., 187; 43 S. C., 187; 52 S. C., 461; 69 S. C., 231; 96 Mo., 598; 131 Mo., 321; 92 Hun., 454; 29 Mo. App., 271; 11 Ency. P. & P., 632. *Court below had no discretion in the matter:* 75 S. C., 471; 27 S. C., 408; 43 S. C., 187; 66 S. C., 455; 16 S. C., 331; 54 S. C., 157; 11 S. C., 445; 6 S. C., 209.

*Messrs. Witherspoon & Spencers* cite: *Issues raised are not triable by jury as of right:* 66 S. C., 459; Code of Proc., 274, 275. *Complaint states an action in equity:* 27 S. C., 447; 4 Suth. on Dam., 3032; 156 N. Y., 600; 29 N. E., 315; 23 S. C., 129. *General denial of amended answer does not alter situation:* 69 S. C., 231.

*Mr. Wm. B. McCaw,* contra, cites: *Order is not appealable:* 42 S. C., 138; 61 S. C., 1. *Complaint states a legal claim for damages:* 42 S. C., 96. *That a demand for injunction is united with this does not change it:* 42 S. C., 96; 24 S. C., 39; 17 S. C., 411. *Unless there is abuse of discretion this is not an appealable error:* Code of Proc., 279; 52 S. C., 462; 33 S. C., 395. *There is no error in refusing the motion:* 42 S. C., 92; 17 S. C., 411; 24 S. C., 39; 42 S. C., 138; 36 S. C., 561; 61 S. C., 1; 42 S. C., 96.

The opinion in the case was filed March 6, but remittitur held up on petition for rehearing until

April 28, 1908. The opinion of the Court was delivered by

Mr. Justice Gary. This is an appeal from an order refusing a motion made by the defendant to transfer the case from Calendar No. 1 to Calendar No. 2, for trial by the Court, and for a general order of reference; and failing in that, then for an order of reference to take the testimony.

The complaint alleges that the plaintiffs own a certain tract of land, situate on the waters of Allison Creek, which flow into the Catawba River, above a dam which was built by the defendant under a statute of this State conferring such authority.

It is further alleged that the defendant maintains the dam across the river below plaintiff's land to the height of thirty feet, whereby it has obstructed the water in the river and creek, has overflowed said lands, has rendered them unfit for agricultural purposes and dangerous to health.

It is futher alleged that the statute under which the dam was erected is unconstitutional, and that the acts of the defendant constituting a taking of the plaintiff's property.

The complaint demands damages to the amount of $22,000, and also for an injunction restraining the defendant from maintaining and using said dam.

There are several reasons why the motion made by the defendant was properly refused:

1. The case of *Threatt* v. *Brewer Co.,* 42 S. C., 92, 19 S. E., 1009, is conclusive as to the right of the plaintiffs to a trial by jury of the legal issues relating to damages. In that case the Court uses this language: "There can be no doubt that a claim for damages which, prior to the Code, would have been enforced by an action on the case, is a purely legal demand, triable by a jury, and the fact that with such demand there was united an equitable demand for an injunction can not deprive the action of its nature as an action at law triable by a jury."

2. The plaintiffs allege that they are the owners of the land described in the complaint, and the defendants, by their answer, deny these allegations, thereby making an issue of title upon which either party had the right to a trial by jury. *Alston* v. *Limehouse,* 60 S. C., 559, 39 S. E., 188; *Johnson* v. *Jones,* 72 S. C., 270, 51 S. E., 805; *Corbett* v. *Fogle,* 72 S. C., 312, 51 S. E., 884.

3. The complaint alleges that the rights of the plaintiffs were invaded recklessly, wantonly and wilfully. Under

such allegations the plaintiffs had the right to claim punitive damages, which can not be awarded by the Court in the exercise of its chancery powers. *Welborn* v. *Dixon,* 70 S. C., 108, 49 S. E., 232.

4. The discretion of his Honor, the Circuit Judge, was properly exercised. *Knox* v. *Campbell,* 52 S. C., 461, 30 S. E., 485; *DuBose* v. *Kell,* 76 S. C., 313.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

April 28, 1908. PER CURIAM. After careful consideration of the within petition for a rehearing, the Court is satisfied that no material question, either of law or of fact, has been disregarded or overlooked.

It is, therefore, ordered that the petition be dismissed and that the order heretofore granted staying the remittitur be revoked.