11021

LANHAM v. JENNINGS

SCHOOL DISTRICT OF SPARTANBURG v. HALL

(113 S. E., 791)

1. PRINCIPAL AND AGENT—BIDDER AT SALE HAS BURDEN OF PROVING THAT HE ACTED AS AGENT.—In a proceeding against bidder under a foreclosure sale, bidder has the burden of proving that he acted as agent for another.

2. APPEAL AND ERROR—WHERE FINDING IN CHANCERY CASE SUPPORTED BY EVIDENCE, TRIAL COURT'S VIEW AS TO BURDEN OF PROOF IMMATERIAL.—Where on appeal in a chancery case, the Supreme Court finds that the evidence supports the findings of fact, the trial Court's view as to the burden of proof is immaterial.

3. APPEAL AND ERROR—IN CHANCERY CASES, SUPREME COURT REVIEWS FINDINGS OF FACT.—On appeal in a chancery case, it is the duty of the Supreme Court to review the findings of fact.

Before RICE, J., Spartanburg, February, 1922. Affirmed.

Foreclosure proceedings by the School District of Spartanburg against R. C. Hall, in which S. T. Lanham, as Master of Spartanburg County, secured a rule to show cause why L. K. Jennings, a purchaser at the original sale, should not have judgment entered against him for the difference between the amount of his bid and the resale price. From a decree discharging the rule, the Master appeals. Affirmed.

The decree of the Circuit Judge follows:

The matter above stated came up for hearing before me at the winter, 1922, term of Court for said county. The following, in a general way, is a statement of the facts and the issues involved:

On July 25, 1921, his Honor, Judge Mauldin, issued a decree of this Court in the case of the above-named *School District v. R. C. Hall,* adjudging the foreclosure of a certain mortgage covering several lots of land in the city of Spartanburg, and ordering the sale of same by the master for said county. The said decree contained a provision to the effect that, in case a purchaser at such sale should fail or refuse to comply with the terms of his bid, then the master should resell on the same or some subsequent sales day the said property at the risk of the defaulting purchaser, the terms of the second sale to be the same as at the first. Pursuant to said decree the Master, after complying with all the requirements of the law pertaining to judicial sales, offered the said lots for sale at public outcry on October 3, 1921, in front of the courthouse door in Spartanburg, according

to the usual custom of public sales. The auctioneer "knocked down" to the respondent, Jennings, two of the said lots, he being the highest bidder, announced the sale to him and entered upon his book of sales the lots as sold to Jennings. The terms of sale not being complied with, the Master re-advertised the said lots for sale "at the risk of the former purchaser." At the second sale the lots brought $1,200.00 less than at the first. Upon the petition of the Master setting forth substantially the above facts, I issued a rule against the respondent Jennings, on January 18, 1922, requesting him to show cause before me why judgment should not be entered up against him for said deficiency and the costs of said sale. In due time the respondent made the return to the rule, under oath, setting up that he was not liable for the said deficiency nor for any costs, because he·had bid at the first sale as attorney for his client, R. C. Hall, and not for himself, and had so announced to the auctioneer at the sale. A good many affidavits in support of the facts contended for on both sides of the controversy were submitted at the hearing. The question was also raised and argued as to whether or not the Master had followed the proper procedure for holding a defaulting purchaser liable for a deficiency at a second sale.

The decree is the chart which governs the master in making a judicial sale like the one in question. In the case at bar he followed strictly the terms of the decree, and in doing so he committed no error. When, however, we come to the question as to who was the bidder at the sale of the property October 3, 1921, we face a more difficult proposition. All of the parties making affidavits in substantiation of the facts on both sides are men of high standing, the respondent being a member of the Spartanburg bar. The policy of the law is to encourage bidding at judicial sales to the end that property so sold may bring its full market value. At the same time the Courts will not countenance any trifling with such sales by any person who may be so inclined. In the

present controversy the Master assumes the burden of satisfying the Court by the greater weight of the evidence that Jennings bid for himself at the sale and made no announcement to the contrary to the auctioneer, and this he has failed to do. I can see no reason for analyzing the different affidavits in support of my conclusion. They must all be filed with this record and speak for themselves. Under the showings made, I feel satisfied that Jennings did bid at the sale as attorney for his client Hall and did so announce to the auctioneer, but that the latter, in the noise and confusion, did not hear him, and honestly entered the sale on his book to Jennings individually. In any view there is very grave doubt about it, and in such case he should not be held liable.

The above findings no way reflect upon the sincerity and honesty of any person who has made an affidavit. As to master, he was simply performing a duty required of him by the order of this Court.

The rule must be discharged, and it is so ordered.

*Messrs. Bomar, Osborne & Brown,* for appellant, cite: *Bidder at public sale must disclose principal or be personally bound:* 50 S. C., 237. *Story agency:* Sec. 269; 4 Strob., 216; 2 McC., 198 *Readvertisement proper:* Bail. Eq., 13; 99 S. C., 115; 100 S. C., 110.

*Messrs. Nichols & Wyche,* for respondent, cite: *Court cannot review findings of fact:* 62 S. C., 506; 67 S. C., 35; 73 S. C., 526; 77 S. C., 414. *Mistake at first sale will relieve purchaser from liability on resale:* 16 R. C. L., 173; 69 L. R. A., 36. *Judicial sale not final until confirmed:* 16 R. C. L., 81, 169; 69 L. R. A., 33; 46 L. R. A. (N. S.), 887. *Procedure in ordering resale:* 16 R. C. L., 170; 43 L. R. A. (N. S.), 671.

October 4, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

At a foreclosure sale conducted by the appellant as Master certain real estate was bid off by the respondent, L. K. Jennings, an attorney of the Spartanburg bar. The bids not having been complied with, the property was resold at a subsequent sales day, at the risk of the defaulting purchaser, pursuant to the terms of the decree in the foreclosure suit of the *School District of Spartanburg v. R. C. Hall.* Upon resale, the property brought $1,200.00 less than at the first sale. Thereupon the respondent, L. K. Jennings, Esq., was ruled to show cause before his Honor, H. F. Rice, Circuit Judge, why judgment should not be entered against him for the deficiency, with interest and costs. The matter was heard before Judge Rice upon the petition of the master, the return of the respondent, and affidavits submitted on behalf of both parties. From the decree of Judge Rice discharging the rule the Master appeals. Let the decree of the Circuit Judge be reported.

The cause shown by respondent for not complying with his bids was that he had acted as attorney for a client in bidding off the lots, and that he had so notified the auctioneer at the time, or immediately after, the property was knocked down to him. The Circuit Judge finds the facts to be that "Jennings did bid at the sale as an attorney for his client Hall, and did so announce to the auctioneer, but that the latter, in the noise and confusion, did not hear him, and honestly entered the sale on his books to Jennings individually." Upon that state of facts, the Judge concludes that Jennings should not be held liable.

There are four exceptions, but they raise but one question for the consideration of this Court, viz., whether the Circuit Judge's findings of fact, as above stated, were erroneous.

1, 2 It is true the first ground of appeal is directed to alleged error of law on the part of the Judge in holding that the burden of proof was upon the master to establish, by the greater weight of the evidence, "that Jennings bid for himself at the sale and made no announcement

to the contrary to the auctioneer." As a statement of the
rule as to burden of proof upon the issue raised by respond-
ent's defense, we think appellant's criticism is technically
well grounded. In the circumstances of this case, the re-
spondent's right to relief from liability depended upon the
establishment by the greater weight of the evidence of his
claim, which was in the nature of an affirmative defense,
that he had acted as an agent and had duly disclosed his
principal. 21 R. C. L., p. 895; *Long v. McKissick,* 50 S. C.,
236, 237; 27 S. E., 636. But it would seem clear, from the
Circuit Judge's decree as a whole, that what he had in mind
was the burden resting upon the master, as the proponent of
the general issue of liability, to satisfy the Court as the
trier of the facts by the greater weight of the evidence that
the respondent was liable for the amount claimed. If upon
all the evidence, the Court was not so satisfied, then re-
spondent had successfully met the obligation to establish his
affirmative defense by the greater weight of the testimony.

But we deem the Circuit Judge's view as to the
burden of proof immaterial. The rule against the
respondent was issued in the exercise of the power
of the Court of equity to compel compliance by a successful
bidder with the terms of an order for the sale of land. *Ex-
parte Patterson* (S. C.), 113 S. E., 467, this term; *Corbett
v. Fogle,* 72 S. C., 321; 51 S. E., 884; *Ex parte Qualls,* 71
S. C., 87; 50 S. E., 646. The appeal, therefore, is in a
chancery case wherein it is the duty of this Court to review
the findings of fact. If such findings are sufficiently sup-
ported by the evidence to merit the approval of this Court,
the mental processes of the Judge in arriving at his con-
clusions are not controlling.

The findings of fact to which the exceptions refer are
supported by the sworn statement of the respondent, L. K.
Jennings, Esq., to the effect that his bids were made as at-
torney for his principal, R. C. Hall; that during the sale
he was standing by the side of Hall and consulting with

him within 20 feet of the auctioneer in plain view; that when the first lot was knocked down to him, he announced in a voice that he thought should have been heard by the master and the auctioneer that his bid was "as attorney for Mr. Hall"; that a day or two afterwards, having read in a newspaper that "the bid had been charged to him personally," he went to the master's office and, finding the master absent, advised his stenographer of the facts, etc. The respondent's statement as to the announcement of his principal at the time of the bidding is corroborated by the affidavit of Hall, the said principal. The facts thus positively affirmed are controverted by the affidavits of the Master and the auctioneer and of several other persons present to the effect that no announcement qualifying his bid was made by Jennings, or, if made, that it was not heard by such witnesses. We have carefully reviewed the testimony adduced by the appellant, which, from the nature of the case, was of a more or less negative character, and have given especial consideration to the force of certain circumstances relied upon to impeach the veracity of the respondent—among others, that Hall, the respondent's alleged principal, was the defendant in the foreclosure suit and, as appellant contends, an irresponsible bidder. We are clearly of the opinion, however, that the facts and circumstances relied upon by appellant afford no sufficient warrant for branding the respondent as unworthy of belief under oath, and that, in accordance with that view, Judge Rice correctly found the facts.

The exceptions raise no question as to the soundness of the Circuit Judge's legal conclusion of non-liability from the facts so found. It follows, therefore, that the decree of the Circuit Court must be affirmed.