**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Rene McMasters, now known as Rene McMasters Ronaghan, Appellant,

v.

H. Wayne Charpia a/k/a Howard W. Charpia and Jody E. Charpia, Defendants,

Of whom H. Wayne Charpia a/k/a Howard W. Charpia is the Respondent.

Appellate Case No. 2018-001867

―――――――――――

Appeal From Dorchester County
William P. Keesley, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2021-UP-421
Submitted October 1, 2021 – Filed November 24, 2021

―――――――――――

**AFFIRMED**

―――――――――――

Frank M. Cisa, of Cisa & Dodds, LLP, of Mt. Pleasant, for Appellant.

H. Wayne Charpia, pro se.

―――――――――――

**PER CURIAM:**  Rene McMasters, now known as Rene McMasters Ronagan, appeals the circuit court's order denying her motion for judgment against H. Wayne Charpia a/k/a Howard W. Charpia and Jody E. Charpia, of whom H. Wayne Charpia a/k/a Howard W. Charpia is the Respondent.  McMasters argues the court erred in failing to award her judgment of $315,900, which was the difference between Respondent's bid in a previously held sale and the completed sale bid in a foreclosure sale.  We affirm.

"[B]ecause the predominate issues involved in this appeal are equitable, we review the evidence to determine the facts in accordance with our view of the preponderance of the evidence."  *Heritage Fed. Sav. & Loan v. Eagle Lake & Golf Condos.*, 318 S.C. 535, 539, 458 S.E.2d 561, 564 (Ct. App. 1995) (applying the equitable standard of review in a mortgage foreclosure action where the disposition of the case depended on the interpretation of a master deed).

"The terms and conditions of a judicial sale are controlled by court order, Rule 71, SCRCP, and statute."  *Ex parte Moore*, 352 S.C. 508, 510, 575 S.E.2d 561, 562 (2003) (citing S.C. Code Ann. § 15-39-660 (2005) for the requirements of the notice of sale; Rule 71(b), SCRCP, for the requirements of the court order; and *Ex parte Keller*, 185 S.C. 283, 194 S.E. 15 (1937) for the proposition that the court order sets the terms of the sale).  Section 15-39-660 requires the sheriff to provide notice of the sale, including the following:  "specify[ing] . . . the property to be sold, the time and place of sale, the name of the owner of the property and the party at whose suit the sale is to be made and . . . publish[ing] the advertisement at three public places in the county . . . ."  Rule 71(b) provides the particulars required in a foreclosure judgment, such as "a good and sufficient legal description of the property being sold, a provision for the necessary legal advertisement, the time and location of the sale, and notice of any senior liens, taxes, or other rights to which the property to be sold is subject."  It also requires the judgment to "specify the amount of good faith deposit necessary at the time of the sale, and the date that compliance must be made with the bid."  Rule 71(b).  Next, it mandates that "[t]he manner and conduct of the bidding when a deficiency has been demanded shall be as required by law."  *Id.*  Finally, it directs disbursement of the proceeds of the sale.  *Id.*

Nothing in either the statute or rule addresses the issue in this case.  Thus, like the circuit court did, we look to the language of the August 2012 order of foreclosure and sale, which provided in part, "Should the person making the highest bid at the sale fail to comply with the terms of its bid by depositing the said five (5%) percent cash, then the property shall be sold *at the risk of such bidder . . . .*"  Under

our own view of the preponderance of the evidence, we agree with the circuit court that McMasters was not entitled to a judgment of $315,900 because the language "at the risk of such bidder" was open to question in interpretation, judgment against Charpia would be inequitable, and there was a failure of proof of actual loss. *See Lanham v. Jennings*, 122 S.C. 461, 467, 113 S.E. 791, 793 (1922) (affirming the circuit court's refusal to award a subsequent purchaser in a foreclosure sale the difference in price when a bidder defaulted and the subsequent sale was at the risk of the defaulting purchaser); *Anderson v. Buonforte*, 365 S.C. 482, 493, 617 S.E.2d 750, 755 (Ct. App. 2005) ("When this court is sitting in equity, and thus viewing evidence for its preponderance, we are to consider the equities of both sides, balancing the two to determine what, if any, relief to give.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.